PEOPLE ex rel. SMITH v. DOYLE et al.

(Supreme Court, Appellate Division, First Department. November 24, 1899.)

1. PROHIBITION—MILITIA—BOARD OF EXAMINATION.

The function of the board of examination, provided by Military Code, § 64 (Laws 1898, c. 212), to examine into the moral character, capacity, and general fitness of an officer of the national guard, being simply to aid the governor in determining whether the officer should be discharged from the service, the courts have no jurisdiction to provide for its conduct in the exercise of this function, or to direct it to admit or exclude evidence of a particular character.

2. SAME.

They have no power to prohibit the governor from exercising his authority in approving or disapproving its findings on the testimony taken and returned to him.

Appeal from special term.

Application by the people, on the relation of Clinton H. Smith, against Peter C. Doyle and others, for writs of prohibition. Appeal from an order at special term (59 N. Y. Supp. 959) dismissing the writ. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Alexander S. Bacon, for appellant.
John H. Coyne, for respondents.

BARRETT, J. The defendants, other than the governor, are a board of examination to examine into the relator's moral character, capacity, and general fitness for the military service of the state. They were appointed in accordance with the provisions of section 64 of the Military Code (Laws 1898, c. 212). Their function is to record and return to the governor the testimony taken, and a record of their proceedings. Effect is given to their findings only upon the approval of the governor. The proceeding is thus simply an aid to the governor in determining whether the relator should, under the law, be discharged from the military service. What the relator, in substance, asks, is that the means thus provided for enabling the governor to act advisedly in the premises shall be nullified by judicial mandate. It is needless to say that this cannot be done. The court has no jurisdiction to provide for the conduct of this board in the exercise of its functions, or to direct it to admit or exclude evidence of a particular character. Still less has it jurisdiction to prohibit the governor from exercising his authority in approving or disapproving the findings of the board upon the testimony which they take and return to him. The office of the writ of prohibition is to keep judicial bodies within their jurisdiction, not to correct possible errors committed in its exercise. The defendants here are strictly within the jurisdiction conferred by the statute. The governor was expressly authorized to order the relator before a board of examination. The board was legally constituted, and it is fully authorized to take testimony upon the subject of the relator's moral character, capacity, and gen-

eral fitness for the service. It is not limited by the statute with regard to the nature and character of the testimony which, in its judgment, bears upon the subject-matter of the inquiry. This application proceeds upon an inaccurate view, both of the office of a writ of prohibition and of the powers of the board and governor under the statute. It is without merit, and was properly denied.

The order appealed from should therefore be affirmed, with costs. All concur.