PEOPLE ex rel. SMITH v. DOYLE et al..

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

MILITIA—BOARD OF EXAMINATION—CERTIORARI.

The proceedings of the board of examination authorized by Military Code, § 64 (Laws 1898, c. 212), to examine into the moral character, capacity, and fitness for the service of an officer of the National Guard, cannot be reviewed by certiorari, since such board is not a court, but is for the purpose of aiding the governor in determining whether the officer should be discharged from service.

Appeal from special term, Albany county.

Certiorari by the people, on the relation of Clinton H. Smith, against Peter C. Doyle and others, members of the board of examination appointed by the governor, commanding them to return and file in the office of the clerk of Albany county their proceedings concerning their examination, findings, removal from office, and discharge from the military service of relator, a commissioned officer in the National Guard. From an order dismissing the writ, relator appeals. Affirmed.

The relator, who was a commissioned officer in the National Guard of this state, was, on May 1, 1899, in pursuance of the provisions of section 64 of the Military Code, ordered by the governor before a board of examination appointed by him to examine into the relator's moral character, capacity, and general fitness for the service. The findings of such board, unfavorable to the relator, were approved by the governor, and the relator was discharged from the service. Thereafter, on July 14, 1900, upon the ex parte application of the relator, a writ of certiorari to review the proceedings was issued, and on August 16, 1900, the said writ was, on notice, by an order of the special term, dismissed. From that order this appeal is taken. Section 64 of the Military Code (Laws 1898, c. 212) reads as follows: "The governor may, whenever he may deem that the good of the service requires it, order any commissioned officer before a board of examination, to consist of not less than three nor more than five general or field officers, which is hereby invested with the powers of courts of inquiry and courts-martial, and such board shall examine into the moral character, capacity and general fitness for the service, of such commissioned officer, and record and return the testimony taken and a record of its proceedings. If the findings of such board be unfavorable to such officer and be approved by the governor, he shall be discharged from the service. No officer whose grade or promotion would in any way be affected by the decision of such board, in any case that may come before it, shall participate in the examination or decision of the board in such case. Failure to appear when ordered before a board constituted under this section shall be sufficient ground for a finding by such board that the officer ordered to appear be discharged."

Argued before PARKER, P. J., and MERWIN, SMITH, KELLOGG, and EDWARDS, JJ.

Alexander S. Bacon, for appellant.

John C. Davies, Atty. Gen. (Edward P. Coyne, of counsel), for respondents.

EDWARDS, J. The power of the governor to appoint the board of examination cannot be doubted, and the question for our consideration is whether the proceedings of the board are reviewable by the court. I cannot agree with the contention of the learned counsel for the relator that the board is a court or a body which, in its legal sense, possesses or exercises judicial functions. I am of opinion that it is simply an agency created by statute to properly advise the governor, as commander in chief, in respect to the fitness of a commissioned officer to remain in the service. It is not invested with power to try the officer on specific charges, but its sole function is to examine into his fitness for the service, and to report its proceedings to the governor. While it may take testimony, it is not limited in its character, but may take such as is pertinent to the subject of the inquiry, the fitness of the officer. Nor is it restricted in its examination to the taking of testimony. There may be a mental or physical unfitness of the officer which is apparent to the members of the board on personal observation. Nor does the board make any determination. It is true that the statute speaks of their findings, but it is evident that the word is used more in the sense of recommendation, and their findings have no effect without the approval of the governor. This opinion as to the character of the board is confirmed by reference to other provisions of the Military Code. Article 7 of that Code is entitled "Military Courts." It names the different military courts of the state, provides how they shall be constituted, their procedure, and, except "courts of inquiry," confers the power to try for the military offenses therein specified, to convict, and to punish. The board of examination is not included in the military courts enumerated in that article, but is provided for in article 4. Sections 53 and 54 of that article require that, before being commissioned, every officer, except certain ones therein exempted, must have passed a satisfactory examination before the board of examination as to his knowledge of military or naval affairs and general knowledge and fitness for the service, and also clothe the board with the same powers to conduct its examination as are given by section 64 in question. It will be observed that the provisions of these sections and those of section 64 are similar, and the purpose is the same in each. Each is simply an examination in respect to the fitness of the person, the one to enter and the other to continue in the service. The opinion herein expressed in regard to the nature and functions of a board of examination finds support in the opinion of Mr. Justice Beekman in People v. Doyle, 28 Misc. Rep. 411, 59 N. Y. Supp. 959, and in the appellate division in the same case, 44 App. Div. 402, 60 N. Y. Supp. 1088. It is well settled that the court can review on certiorari only a judicial determination. People v. Hill, 126 N. Y. 497, 27 N. E. 789. Having reached this conclusion, the consideration here of the question whether the writ of certiorari will lie against the governor is unimportant. I agree with the learned counsel for the relator that "the

only real question before the court is to determine whether a board of examination exercises a judicial function." The order dismissing and vacating the writ of certiorari should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.