---

*Ex parte* GANS.[1]

(*District Court, E. D. Missouri.* July 7, 1883.)

REVENUE LAW—ASCERTAINMENT OF INFORMER'S FEES AFTER CASE IS DISPOSED OF—ACT JUNE 22, 1874—JURISDICTION.

    Where, after a final decree had been made in a smuggling case, and executed by paying a fine imposed into the United States Treasury, a petition was filed in the court which had made the decree, by a party claiming to be the original informer in said case, praying for a certificate from the court as to the value of his services, for the information of the secretary of the treasury, *held*, that the court had no jurisdiction.

*Breck Jones*, for petitioner.

TREAT, J. On the fourteenth of June last a petition was filed by said Gans, alleging that he gave the original information in a smuggling case, theretofore finally disposed of in this court, in which the proceeds of the property were paid into the United States treasury pursuant to the decree rendered. The prayer of the petition is in these words:

"Wherefore he respectfully claims the compensation allowed under section 4, act June 22, 1874, and prays for a certificate as is provided for in section 6 of said act."

When the attention of the court was first called to the petition, it was suggested that serious propositions were involved, especially whether,

[1] Reported by B. F. Rex, Esq., of the St. Louis bar.

after final decree, the court or judge could interfere with the discretion of the secretary of the treasury, prescribed by section 4 of the act, and whether any executive duty could be devolved on the court or judge with respect thereto. As section 4 gives to the secretary of the treasury the sole discretion as to the sum to be awarded to an informer, it is obvious that no judicial action can properly be had with respect thereto; for when a judicial decision is had, it must be final, unless reversed or modified by the appropriate court having appellate or revisory jurisdiction. There is no appeal from a decree of the court to any executive officer, nor can there be consistently with the elementary principles on which the government rests. The co-ordinate authority of the executive, legislative, and judicial departments must be observed; each of which departments is confined in its action to the sphere assigned to it. That proposition is familiar to all. But section 6 says:

"That no payment, where judicial proceedings shall have been instituted, shall be made to the informer until the compensation shall have been established to the satisfaction of the court or judge having cognizance of such proceedings, and the value of his services been duly certified by said court or judge for the information of the secretary of the treasury; but no certificate of the value of such services shall be conclusive of the amount thereof."

Section 2 of the act made a sweeping repeal of all former acts as to the payment of shares of fines, etc., to informers and others, and requires the entire sum recovered to be paid into the treasury. Previously the courts ascertained, as essential to their decree, what portion of the sum recovered was to be paid to the United States, and what to the informer, for their respective uses. That practice compelled an alleged informer to intervene in the suit, to which he thus became a party contestant. It happened not infrequently that several persons claimed to be the original informer, and the United States disputed all their demands. Thus there was before the court, in a "suit" pending, matters essential to a right decree. The litigation proceeded in due form, and the judgment of the court was formally had. What is contemplated by section 6 is indefinite. When, in "a case wherein judicial proceedings shall have been instituted," an alleged informer intervenes, the court must dispose of his demand in some way; and, having done so, its decree is judicial, not executive, and consequently should be reviewed or overturned only in due course of further judicial proceedings.

The section devolves on the court or judge the determination of two questions: *First*, is the intervenor the original informer? and, *second*, if so, what is his just compensation? But the section adds that "no certificate [by the court] of the value of such services shall be conclusive of the amount thereof."

What, then, is the supposed function of the court? If to be reviewed by the secretary of the treasury, its action is not judicial; and only judicial functions can be devolved on its constitutionality. The

persons who happen to be judges may be named for other than judicial duties *eis nominibus* or *ex officiis;* but it will then be for them to determine, each for himself, whether he will accept the new office or position. The United States supreme court, as early as 1794, passed upon this general subject, and its early decisions were reviewed and affirmed in *U. S.* v. *Ferreira,* 13 How. 40.

The act of 1874 presents several anomalies in this respect. If the decision as to informers is committed solely to the discretion of the secretary, the duty to decide is purely executive, and the information upon which he is to act should come from executive sources. Section 6 provides that where no judicial proceedings are had, the secretary shall require satisfactory proofs; but where such proceedings shall have been instituted, he must, before payment, have the certificate of the court, by which, however, he is not bound as to compensation awarded. This provision may be intended as a check on the secretary, but what function does the court perform? These suggestions are made for the purpose of directing attention to the anomaly of confounding or confusing judicial and executive functions. Whether the decree of a court as to an informer's rights, when made in a pending case, could or could not be enforced, need not be decided.

As to the matter now before the court a distinct question arises, viz., whether a court can, after decree rendered, and executed by payment of the entire fund into the treasury, take cognizance of any claim as to that fund which should have been made pending the litigation. The "case" has disappeared from the docket, and this court has no further control of it. Shall it now, when no one is in court connected with the case, undertake to proceed *ex parte,* and decide that of the amount paid under the former decree a part should be taken from the treasury and paid over to petitioner. It may be that other persons than petitioner are legal informers, and would, if fairly before the court, contest his demand. When this case was pending they could have intervened, and the proceeding *in rem* would have concluded all by the decree as made; so far, at any rate, as the court is concerned. Should any other rule obtain, what limit is there to proceedings like those contemplated, either as to time or number? Is it not the wiser and truer interpretation of the statute to hold that the jurisdictional authority of the court and judge necessarily ceased when the final decree was executed? Any other ruling must necessarily involve strange conflicts of jurisdiction between the different departments of government, and stranger anomalies in jurisprudence. This court cannot usurp jurisdiction, nor enter upon other than judicial duties. The original suit has been finally determined, and the power of this court in the premises is at an end. If a new suit is instituted to vacate the original decree, by means of which every one who has a supposed interest can intervene, the primal difficulty would remain, viz., that no suit can be brought here against the United States which would be essential to vacate a judgment in its favor.

Whatever view may be taken of the subject, there are so many anomalies connected with this application that the court must decline to entertain and act upon the petition presented. If the petitioner seeks a review of the order of this court, dismissing the petition for want of jurisdiction, a direct and practical test will occur, viz., whether the appellate court has jurisdiction, or whether, on the other hand, the application is non-judicial, and consequently not cognizable by the court as such.

An order will be entered dismissing the petition for want of jurisdiction.