UNITED STATES v. QUEEN et al.

(District Court, E. D. Pennsylvania. December 12, 1900.)

No. 3.

FEDERAL COURTS—CONSTITUTIONAL POWERS—STATUTE IMPOSING ADMINISTRATIVE DUTIES.

Act June 22, 1874, § 6, par. 1 (1 Supp. Rev. St. [2d Ed.] p. 33), which requires the court or judge to certify the value of the services of an informer in regard to frauds upon the customs revenue, which have been the subject of a judicial proceeding, for the information of the secretary of the treasury, seeks to impose upon the court duties which are administrative, and not judicial, and is unconstitutional.

On Petition of Matthew H. Chadwick, Informer.

Henry J. Hancock, for petitioner.

James B. Holland, U. S. Atty., and J. Whitaker Thompson, Asst. U. S. Atty.

J. B. McPHERSON, District Judge. The petitioner avers that he furnished original information concerning certain frauds committed by the defendants upon the customs revenue, that suit was brought upon this information, and recovery had by the government, and therefore that he is entitled to compensation, under section 4 of the act of 1874 (1 Supp. Rev. St. [2d Ed.] p. 32). He asks the court to examine and determine the validity of his claim for compensation, and also to certify the value of his services to the secretary of the treasury, under the first paragraph of section 6 of the same statute (Id. p. 33). The paragraph is as follows:

"That no payment shall be made to any person furnishing information in any case wherein judicial proceedings shall have been instituted, unless his claim to compensation shall have been established to the satisfaction of the court or judge having cognizance of such proceedings, and the value of his services duly certified by said court or judge for the information of the secretary of the treasury; but no certificate of the value of such services shall be conclusive of the amount thereof."

He gave notice of this application to the collector of the port of Philadelphia, and the United States district attorney appeared, and examined the witnesses.

The government now moves to dismiss the proceeding on the ground that the duties which section 6 attempts to impose upon the court are not judicial duties, and therefore that the section is so far unconstitutional. The question has already been considered by

at least two federal judges; and their opinions may be found in Ex parte Gans (D. C.) 17 Fed. 471, and Ex parte Riebeling (D. C.) 70 Fed. 310. In view of these decisions, I need do no more now than to say that I agree with them in holding that the duties sought to be imposed upon the court by the section in question are administrative, and not judicial, and that congress could not constitutionally impose them. Judge Maxey's discussion of the subject in Ex parte Riebeling is so full and satisfactory that it would be superfluous to attempt more. It may be proper to add that although my predecessor, Judge Butler, gave several certificates such as is now asked, it was evidently with considerable doubt concerning his authority, as will appear by the following extract from the order in U. S. v. 563 Diamonds, No. 2 of 1896:

"It appearing to the court that there is some doubt as to its authority because of the nature and character of the proceedings, but, for the purpose of aiding the secretary of the treasury in the proper discharge of his duties as contemplated by the statute, [the court] will entertain jurisdiction."

The petition is dismissed.