### In re GHAZAL.

(District Court, E. D. New York. February 24, 1909.)

BANKRUPTCY (§ 143*)—PROPERTY PASSING TO TRUSTEE—REWARD AWARDED TO BANKRUPT.

An award made by the Secretary of the Treasury to an informant as a reward for information leading to the seizure of smuggled goods, under Act June 22, 1874, c. 391, § 4, 18 Stat. 186 (U. S. Comp. St. 1901, p. 2019), although not paid over, is property of the claimant, and, being assignable, under Rev. St. § 3477 (U. S. Comp. St. 1901, p. 2320), is property which the claimant could have transferred, and passes to his trustee on his subsequent bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 565, 566 (U. S. Comp. St. 1901, p. 3451).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

In Bankruptcy.

Joseph S. Buhler, for trustee.
London, Davis & Medalie, for bankrupt.

CHATFIELD, District Judge. The bankrupt was the informant with relation to several customs seizures, and the facts both in relation to the petition in bankruptcy and the particulars of this matter are set forth in a former opinion. (D. C.) 163 Fed. 602. The only change in the situation is that after considerable deliberation the money awarded by the Secretary of the Treasury to Ghazal, for the reward in the first of the seizure cases, amounting to $428.93, has been paid to the trustee in bankruptcy, and the bankrupt has now applied to this court for the payment of the said reward to him, upon the ground that it is exempt, and is not property the title to which would pass to the trustee under the provisions of section 70 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 565, 566 [U. S. Comp.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

St. 1901, p. 3451]). This question was quite fully presented, and the cases relating thereto recited, at the time of the former opinion. It is unnecessary to restate them at this time, and as a general proposition it seems to this court that such claims are not legal rights nor equitable rights passing to an assignee in bankruptcy, before the Secretary of the Treasury has exercised his jurisdiction and discretion in the matter.

Whether or not Act June 22, 1874, c. 391, § 6, 18 Stat. 186 (U. S. Comp. St. 1901, p. 2019), is constitutional or otherwise (U. S. v. Queen [D. C.] 105 Fed. 269), all of the claims with which we are concerned at present are matters that must be judged from the provisions of sections 3 and 4; and it is difficult to see how an assignee or trustee in bankruptcy could argue that, if the Secretary of the Treasury had not passed upon the question of rewarding the informer, he could be compelled to exercise that discretion and grant the award to the bankrupt, for the benefit of the creditors or of the estate, if it seemed best for him to withhold the reward. It may be presumed that from the standpoint of public policy, the Secretary of the Treasury would in such cases consider that the reward was to be paid to encourage informers, not to pay informers' debts, and that the request of the informer would be necessary, as well as that of his creditors, to appeal to the Secretary's discretion.

But with relation to the fund as to which this motion is made the Secretary of the Treasury had exercised his discretion, and had determined that the informer was entitled to receive the amount paid over, before the petition in bankruptcy was filed. If the Secretary of the Treasury had paid this money to the informer, and the petition in bankruptcy had been filed, and the money seized before the informer had spent it, this court would not be prepared to hold that it was exempt, from the fact that it had been paid as a reward, in the absence of a statute creating such exemption; and it would seem that if the Secretary of the Treasury had determined the amount of the reward, and that the same should be paid, and a warrant had been drawn, the informer would then have a claim that could be enforced in some court, if withheld arbitrarily, and not by revocation of the decision of the Secretary of the Treasury.

Section 3477, Rev. St. (U. S. Comp. St. 1901, p. 2320), provides that such a claim is assignable, and hence must be then considered property of the claimant. This would bring the claim upon the first reward, at the time of the filing of the petition in bankruptcy, within the statement of Judge Story in the case of Comegys v. Vasse, 1 Pet. 193, 7 L. Ed. 108. This same distinction has been observed and approved in the case of Williams v. Heard, 140 U. S. 529, 11 Sup. Ct. 885, 35 L. Ed. 550.

It seems proper to hold, therefore, that the amount paid over by the Secretary of the Treasury to the trustee in bankruptcy would fall within the language of section 70, subd. 5, of the bankruptcy law, and would be property which, prior to the filing of the petition, could have been transferred by the bankrupt.

As to the other possible rewards, public policy seems to suggest that they should be exempt from debts.