In the Matter of the Petition of MAURICE E. CONNOLLY for an Alternative Prohibition Order Directed against Honorable TOWNSEND SCUDDER, a Justice of the Supreme Court of the Second Judicial District.

Second Department, February 15, 1928.

Public officers — removal — justice of Supreme Court designated by Governor under Public Officers Law, § 34, in proceedings to remove borough president of borough of Queens, New York city — designation extended under said section, as amended by Laws of 1928, chap. 15 — justice will act as representative of Governor — executive authority cannot be directly attacked — prohibition denied — Public Officers Law, § 34, as amended, is constitutional.

A justice of the Supreme Court was designated by the Governor under section 34 of the Public Officers Law to conduct an investigation into charges against the borough president of the borough of Queens of New York city. The designation was extended under said section, as amended by chapter 15 of the Laws of 1928, which now provides that the appointee may be an investigator, and for the purpose of the investigation may hold private hearings at which the accused may not be present.

While the justice in conducting said investigation is not acting in a judicial capacity, he is acting as a representative of the Governor, and since a direct attack cannot be made against executive authority, said justice will not be restrained by an order of prohibition. Prohibition is available only where there is an excess or usurpation of judicial power.

The amendment of section 34 of the Public Officers Law by chapter 15 of the Laws of 1928 is a lawful exercise of legislative power.

MOTION (1) for leave to file a supplemental return; (2) to vacate final order of prohibition; (3) for reargument of motion for final prohibition order.

*Emory R. Buckner* [*John M. Harlan, Herman T. Stichman* and *Horace G. Hitchcock* with him on the brief], for the motion.

*Max D. Steuer* [*Aron Steuer* and *Ben Herzberg* with him on the brief], opposed.

LAZANSKY, P. J.  This court has held that a justice of the Supreme Court, appointed by the Governor under section 34 of the Public Officers Law, as it stood until recently amended, was acting in a proceeding which partook of the nature of a judicial proceeding, and that, therefore, the powers of the justice were limited by the terms of the act which require a hearing, and that secret sessions were not such a hearing.  Further than this I did not intend to go in participating in the *per curiam* opinion.

The Legislature has now provided (Laws of 1928, chap. 15, amdg. Pub. Officers Law, § 34) that the appointee may be an investigator, and for the purpose of the investigation may hold private hearings at which the accused may not be present.  The designation of Mr. Justice SCUDDER has been extended accordingly by the Governor. The Legislature cannot make that judicial which is non-judicial. To investigate wrongdoing as provided is not, and never has been, a judicial function.  It rather belongs to the district attorney or to the Attorney-General, as was provided by section 34 of the Public Officers Law before amendment.  In my opinion, to make an investigation of the subject-matter of the charges of an accused public official in anticipation of a public hearing is neither in the exercise of judicial power nor in the nature thereof.  What the Legislature now permits a justice of the Supreme Court to do requires him to abandon his service as a justice of the Supreme Court and enter into the domain of executive authority.

May the courts interfere with such an activity?  It is well established that a direct attack upon executive authority cannot be made through judicial process.  An excess or usurpation of judicial power may be restrained by an order of prohibition.  But here Mr. Justice SCUDDER, as far as the investigation is concerned, will not act in his capacity as a judge, but as a representative of the Governor of the State.  An order of prohibition will not be granted under such circumstances.

RICH, YOUNG, SEEGER and CARSWELL, JJ., concur.

YOUNG, J.  The prohibition order heretofore granted by this court went no further than to command the Hon. TOWNSEND SCUDDER to desist and refrain from any further proceedings in the matter of charges against the petitioner, Connolly, by way of taking and hearing the evidence of witnesses except at a hearing at which the petitioner should be afforded an opportunity of being present.  It was stated in the *per curiam* opinion (222 App. Div. 591) that " since Mr. Justice SCUDDER is acting as a judge, his powers must be exercised in the manner in which the statute directs; " and the court was of the opinion that under the statute

(Pub. Officers Law, § 34) there was no authority vested in Mr. Justice SCUDDER to take and hear the evidence of witnesses in the absence of the petitioner. That statute has now been amended so as to provide specifically for the taking and hearing of evidence of witnesses in the absence of the public officer accused, and I am not prepared to hold that the enactment of such an amendment is not a lawful exercise of legislative power.

RICH and SEEGER, JJ., concur.

CARSWELL, J. Upon this reargument I will merely briefly supplement my previously stated views. A statute is to be interpreted so as to sustain its validity, if one construction would imperil it and another would not.

Under the new statute as well as the old, the activities required of the individual, if he desires to act, be he layman or judge, are judicial, in part, as to method but executive in substance and effect. The statute (old or new) does not impose them upon either a court or justice but upon an individual when designated to act as commissioner, and it permits the Governor to select a justice or a layman to act but he may not require a justice or even a layman to act. Such a justice, if he consents to act, does so, not as a justice, but as an individual who happens to have training especially fitting him to act. This view makes inapplicable the language, some of it *dicta*, used in the Federal and Massachusetts cases cited by the petitioner, which cases, while entitled to consideration, are not binding upon us in passing upon a question involving our State Constitution. They concern the imposing upon courts and judges the doing of executive acts which by their very nature are continuous in character, as distinguished from the transient or occasional acts involved herein which are not imposed upon either a court or a judge as such. (*Hayburn's Case*, 2 U. S. [2 Dall.] 409; *United States* v. *Ferreira*, 54 id. [13 How.] 40; *Dinan* v. *Swig*, 223 Mass. 516.)

The New York cases state a test of what constitutes another office which precludes accepting or applying the *dicta* in *Dinan* v. *Swig* (*supra*). Under that test the activities herein do not constitute another office. (*People ex rel. Washington* v. *Nichols*, 52 N. Y. 478, 485.) Since under that test the functions permissibly performed herein do not constitute the holding of an office, then " The persons who happen to be judges may be named for other than judicial duties *eis nominibus* or *ex officiis;* but it will then be for them to determine, each for himself, whether he will accept * * *." (*Ex parte Gans*, 17 Fed. 471, 472.) And what he (a justice) is called upon to decline or accept under the statute herein is not an office.

The cases condemning advisory opinions or advisory judicial action relate to statutes imposing duties and requiring action from courts or judges as such, and in some instances relating to matters with respect to which legislative bodies are the sole judges — for example, the qualifications of their members. That is not the character of the statute (old or new) involved herein. An advisory opinion from an individual acting as commissioner (layman or judge) violates no State constitutional provision by reason of being a subordination of the judiciary to the executive. A judge designated to act under the statute does not act as a judge, and his opinion relates to a matter that can never be made the subject of judicial review under the State Constitution, nor can it become a judicial precedent or be deemed to be a judicial act or decision.

I adhere to my view that no constitutional provision required the presence of the petitioner at the preliminary examinations under the old statute, and that is equally true under the new statute.

A local administrative officer has no property right in his tenure of office or the emoluments attached thereto. He is not on trial in the preliminary examinations, and the right to continue his tenure of office and enjoy the emoluments thereof is not passed upon in the preliminary examinations. These preliminary examinations are indispensable for the carrying on of the public hearings, if they become necessary in order that they may be had in as many hours as they would take days if these preliminary examinations were not had, to eliminate irrelevant matter and enable the commissioner to orientate himself to the complexities of the situation. No man could intelligently inquire, with due regard to economy of time, regarding the opportunities for misfeasance and nonfeasance under the inevitably complicated contracts of the city of New York and the specifications thereof, who did not preliminarily study and inquire of witnesses in regard to them. Common sense requires this to be done in advance of the hearings at which the petitioner may be called upon to attend, even though this court has heretofore prohibited just such common sense action and the Legislature has nullified, so far as it can, this court's action, if such nullification was needed.

This court may not disregard the lack of a property right possessed by the petitioner and import limitations upon the executive power into the constitutional grant of power. That grant of power is subject only to the limitations therein, and those specified exclude by implication all others and exclude a basis for holding that the Legislature may not provide for preliminary examinations. The constitutional grant and the statutes thereunder should be

construed to empower the State to keep its subordinate executive agencies free from misfeasance and nonfeasance; free from conduct of a neglectful or corrupt character. They should be construed in a manner compatible with the practical needs of the supervisory powers lodged in the Governor. We should not by devitalizing construction or metaphysical niceties render those powers impotent in their practical operation through needful instruments, while formally crediting them with unreviewable potency when exercised by the Executive himself.

I vote, upon reargument, to deny the application entirely.

It having been stipulated that upon reargument of the application for an order of prohibition, chapter 15 of the Laws of 1928 should be considered as if in existence at the time of the original application, the motion for leave to file a supplemental return is granted, the motion for reargument is granted, and, upon reargument, the application for an alternative order of prohibition is denied, and the final order of absolute prohibition is vacated, as a matter of law and not in the exercise of discretion. Settle order on notice.*