ALBANY,
October, 1829.

The People
v.
Calhoun.

---

## THE PEOPLE vs. J. T. CALHOUN.

A justice of the peace has no right to deny an adjournment because a defendant refuses to pay his fees for drawing a bond on the defendant's demanding an adjournment. If he, for such cause, refuses an adjournment, he is liable to an indictment for a misdemeanor.

THE defendant was indicted for a *misdemeanor* in his office as a *justice of the peace* of the county of Monroe, in refusing to adjourn the trial of a cause depending before him. He was convicted; but judgment was suspended by the court of sessions of that county until the advice of this court could be obtained.

One Guernsey was brought before the defendant on a warrant issued by him in a civil suit, and applied for an adjournment until the next day. The defendant decided that he was entitled to the adjournment on his complying with the requirement of the statute, by giving security by bond for his appearance on the adjourned day, and proceeded and made out a bond. Before the bond was signed, the defendant demanded of Guernsey *twenty-five cents*, the fee allowed to justices for drawing and taking a bond in such cases; Guernsey refused to pay the money; whereupon the defendant refused to receive the bond and to adjourn the cause, and the trial proceeded. On the trial on the indictment, the defendant insisted that the payment of his fee was a *condition precedent* to his receiving the bond and adjourning the cause. A ma-

jority of the court thought otherwise, but suspended judgment.

*By the Court,* MARCY, J.   The magistrate misapprehended his duty in refusing the adjournment unless his fees for drawing the bond were paid.   The payment of the fees was not a condition precedent to the adjournment of the cause; and the magistrate erred in withholding from the party his right on account of the non-payment of them.   We therefore advise the court of sessions to proceed to judgment.