## SUPREME COURT.

### Samuel O. Scudder agt. George Snow.

Judgment of dismissal of complaint for neglect of the plaintiff to appear before a referee pursuant to notice of trial, set aside with costs of motion; no order of reference having been entered or appearing in the record, although authorized by the judge at special term.

A chamber order naming a referee is invalid, unless supported by an order of the court at special term.

Where, however, there has been a trial before the referee upon the merits, the decision of the court authorizing a reference may be entered *nunc pro tunc*, in order to support the judgment.

It is the business of counsel to see that the decision of the court at special term is properly incorporated into an order, to make it effective.

*Syracuse Special Term, April,* 1864.

Motion of plaintiff to set aside judgment upon the report of a referee dismissing the complaint. The affidavit showed that an order was granted at special term to refer the action, but it did not appear whether the reference was to try the issue or to take the testimony. No order of reference was entered, but the judgment roll contained an appointment

Scudder agt. Snow.

of a referee signed by a judge of the court, to hear, try and determine the issue. The plaintiff did not attend before the referee pursuant to notice of trial, and thereupon, on motion of the defendant, the plaintiff's complaint was dismissed with costs.

D. M. K. JOHNSON *for the motion.*
C. W. WHITE, *opposed.*

MORGAN, J. A justice of this court has no authority to appoint a referee except at special term. As a chamber order the appointment was invalid unless it was authorized by the decision of the court at special term. I presume it was so authorized, and would have been valid if an order had been drawn up and entered in conformity with the decision. It is the business of counsel to see to it that the decision of the court at special term is properly incorporated into an order and duly entered with the clerk to make it effective.

Although the court may afterwards allow the order to be entered *nunc pro tunc*, in order to preserve the subsequent proceedings, it is usually allowed only on payment of the costs of the motion.

As no authority is shown for the appointment of the referee, I think his report is inoperative, and will not sustain the judgment founded upon it. If the plaintiff's attorney had appeared before the referee, and a trial had been had upon the merits, I should feel bound to grant an order allowing the defendant's attorney to draw up and enter an order of reference *nunc pro tunc* in pursuance of the decision of the court at special term. The motion is granted with ten dollars costs to abide the event.