THE PEOPLE ex rel. WILLIAM S. DEVERY, Relator, v. WILLIAM TRAVERS JEROME, a Justice of the Court of Special Sessions of the First Division of the City of New York, Sitting as a Committing Magistrate in and for said City and County, and EDWARD O'NEILL, Respondents.

(Supreme Court, New York Special Term, November, 1901.)

Writ of prohibition — Mere bias does not disqualify a judicial officer — One acting judicially is liable for a criminal offense — Impeachment.

The Supreme Court will not issue a writ to prohibit a justice of the Court of Special Sessions of the city of New York from proceeding with the consideration of a criminal complaint made against the deputy police commissioner of said city for oppression of a police officer in having fined him thirty days' pay for violation of the rules of the police department where the application is put upon the ground that the said justice is biased, as bias, unconnected with interest, does not disqualify a judicial officer.

The said deputy police commissioner acts judicially in trying members of the police force but that fact cannot protect him from indictment nor entitle him to a writ of prohibition if it be proved, before the justice of the Court of Special Sessions, that, the said deputy while acting judicially has been guilty of oppression, an offense against the criminal law.

The remedy by impeachment is not exclusive.

APPLICATION for a writ of prohibition.

The material facts are stated in the opinion.

James, Schell & Elkus, for relator.

Lord, Day & Lord (John G. Carlisle, of counsel), for respondent.

O'GORMAN, J.    The relator, a deputy commissioner of police of the city of New York, applies for a writ of prohibition to restrain the respondent, acting as a police magistrate, from proceeding further upon the complaint made before him by one O'Neill, who charged the relator with oppression in fining him thirty days' pay for offenses committed against the rules of the police department.    It is urged in support of this application that the acts complained of and constituting the matter about to be inquired into by the respondent were performed by the relator while acting in a judicial capacity, and, therefore, exempt him from personal liability; and it is further claimed that the respondent is biased and prejudiced and inspired by partisan motives.    This latter contention cannot prevail because the rule must be deemed well settled that in the absence of express statutory provisions, bias or prejudice or unworthy motives on the part of a judge, unconnected with an interest in the controversy, will not be cause for disqualification.    While it might be indecorous and offensive to judicial propriety for a judicial officer to act where there were such impediments to impartial action, yet our statutes make no provision for disqualifying a judge for these causes.    Code Civ. Pro., § 46; People v. Connor, 142 N. Y. 130.    The claim that the acts in question were done in the performance of a judicial duty seems to be well founded.    It is a fundamental principle of our jurisprudence that no judge can be held liable in damages for a judicial act in a case of which he has jurisdiction, and this, too, without regard to the motives with which such acts are performed.    This exemption of the judiciary was established for the benefit of the public in order that judges might be fearless and independent in the discharge of their duties.    Experience has taught that the independence of judges would be very much impaired if they were to be exposed to suits and litigation by every disappointed suitor.    This rule applies not only to actual judges but to all other public officials while acting in a judicial capacity within their jurisdiction.    Lange v. Benedict, 73 N. Y. 33; Austin v. Vrooman, 128 id. 229.    The exercise of judicial functions is not confined to judges.    The act of every public official is either ministerial or judicial.    A purely ministerial duty is one to which nothing is left to discretion.    Where the officer is clothed with discretionary powers and is required to act upon
17.

his own judgment the act is a judicial one, and it is a rule of universal acceptance that persons exercising judicial functions by whatever name they may be called enjoy the protection of the judicial privilege. 17 Am. & Eng. Ency. of Law (2d ed.), 727. In East River Gas Light Co. v. Donnelly, 25 Hun, 614, it was held that the duty confided to a board of aldermen of awarding " a contract to the lowest responsible bidder giving adequate security " was judicial, and the court said, per Gilbert, J.: " The duty was a judicial one. It involved the determination of questions of fact, and that determination could not be controlled or coerced." In Barhyte v. Shepherd, 35 N. Y. 238, the Court of Appeals held that a tax assessor in determining what property is subject to taxation performs a judicial duty. In passing upon a similar question in Williams v. Weaver, 75 N. Y. 31, the same court said: " That class of public officials is charged with duties which require the exercise of judicial functions, and when they are called upon thus to act, they are protected from the consequences which may flow from any error they may commit." In People ex rel. Kasschau v. Police Comrs., 155 N. Y. 43, in reviewing the action of the police board on the trial of a delinquent policeman, the court said: " The relator was not subject to removal except for some legal cause, to be ascertained and adjudged as matter of fact. * * * This contemplates a judicial investigation. * * * The proceeding was judicial in character." That such acts of a police commissioner or his deputy are judicial is recognized in the countless certiorari proceedings which have been brought from time to time to review the determination of police officials in passing upon such charges. If the acts were not judicial the writs could not be invoked, since the rule is well established that the writ of certiorari will not lie except to review the judicial action of inferior courts or of public officers or bodies exercising judicial functions. People ex rel. Mayor v. Nichols, 79 N. Y. 589; People ex rel. O'Connor v. Supervisors, 153 id. 374; People ex rel. Corwin v. Walter, 68 id. 409. Such a writ will never issue to review a ministerial act. Indeed, notwithstanding the insistence of respondent's counsel to the contrary, the verified complaint of the accused policeman before the magistrate distinctly affirmed the judicial character of the relator's acts. Under the statutes the commissioner or his deputy, while conducting trials of members of the police force, possesses many

of the powers of a court of record. Authority is conferred to punish for contempt committed in his presence, to enforce obedience to a subpœna, to administer oaths, and to hear, try and determine all charges brought against delinquent members of the force. It must be quite clear, therefore, that at the time of the commission of the acts complained of the relator was discharging a judicial function and is entitled to the benefit of the judicial exemption. But this exemption is confined to civil liability, and does not embrace protection from criminal prosecution where sufficient cause exists to subject the official to the imputation of criminal conduct. The following cases support the doctrine that offenses against the criminal law, committed by public officials, even while acting in a judicial or semi-judicial capacity, may be redressed by indictment as well as by impeachment or such other method of removal as the law may prescribe: People v. Stocking, 50 Barb. 573; People v. Calhoun, 3 Wend. 420; People v. Coon, 15 id. 277; People v. Meakim, 133 N. Y. 214; People v. Brooks, 1 Den. 457; Gardner v. People, 62 N. Y. 299; 17 Am. & Eng. Ency. of Law (2d ed.), 727. See Penal Code, §§ 117, 556; Laws of 1892, chap. 681, § 2. The intimation to the contrary in Lange v. Benedict, *supra*, cannot be regarded as an authority in relator's favor. The question of exemption from criminal liability was not raised in that case, and the dictum of Folger, J., in the opinion is not in harmony with the adjudications. The Constitution of the State of New York now provides that an officer impeached shall also be liable to indictment and punishment according to law. The circumstance that the fine of thirty days' pay, although announced, was not carried into effect, and that O'Neill, the policeman, was, in fact, not fined any sum whatever, but received his entire month's pay, cannot be considered on this application. This fact may, on the hearing before the magistrate, dispose of the charge of alleged oppression, which seems to be the chief offense relied upon. The complaint charges the relator also with willful neglect of a public duty in his alleged refusal to permit the accused policeman to call his witnesses on the trial. Whether the witnesses were competent or the evidence offered material or relevant or whether the admissions of the accused policeman justified the rejection of further testimony in his behalf, were questions, if, in fact, such proof was offered and rejected, addressed to the judicial judg-

ment and discretion of the relator, and for his decision thereon, in the absence of a corrupt or unlawful purpose, he cannot be held answerable in a criminal prosecution. The complaint contains one other alleged violation of law. It is charged that the infliction of a reprimand by the relator on the accused policeman for arresting a man on the charge of Sabbath-breaking was tantamount to an instruction not to enforce the Sunday law, and that the relator was thereby guilty of neglect of official duty. But these matters need not be passed upon at this time and I refrain from further notice of the accusations. Whether well founded or not the magistrate, in my opinion, has jurisdiction to entertain the complaint, and the application of the relator is, therefore, denied.

Application denied.