(110 App. Div. 450)

### OWASCO LAKE CEMETERY v. TELLER.

(Supreme Court, Appellate Division, Fourth Department.  January 3, 1906.)

1. JUDGES—POWERS—JUDGES OF APPELLATE DIVISION.

Under Const. art. 6, § 2, providing that no justice of the Appellate Division shall exercise any of the powers of a justice of the Supreme Court, other than those of a justice out of court and those pertaining to the Appellate Division, or to the hearing and decision of motions submitted by consent of counsel, and Code Civ. Proc. § 222, containing the same provision, a justice of the Appellate Division cannot hold a court for the hearing of motions, or exercise any of the powers of a justice of the Supreme Court other than those which may be exercised by a justice in chambers and those pertaining to the appellate court of which he is a member, and parties cannot by consent confer upon the justice jurisdiction to hold a Special Term for the hearing of motions and to enter an order, such as an order of reference, on a motion there pending.

2. REFERENCE—NECESSITY OF ORDER—NUNC PRO TUNC ENTRY.

Under Code Civ. Proc. §§ 721–724, providing that judgment on a verdict or reported decision shall not be stayed, nor be impaired for informalities or omissions, but defects shall be supplied and the court may make amendments in furtherance of justice and in disregard of immaterial errors, and may grant relief against omissions, etc., a nunc pro tunc entry of an order of reference may be made in order to uphold a

judgment entered on a report of a referee, where the order of reference under which the referee acted was void because of the disqualification of the justice who made the order, but the referee had been previously agreed upon by the parties, and they had gone to trial before him, and his decision had been rendered on the assumption by the parties that the order of reference was valid.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Reference, § 55.]

Spring and Hiscock, JJ., dissenting.

Appeal from Special Term, Cayuga County.

Condemnation proceedings by the Owasco Lake Cemetery against John D. Teller. From an order denying a motion to set aside a referee's report and to vacate the judgment entered thereon, plaintiff appeals. Affirmed.

The proceeding was commenced on the 22d day of December, 1904, by service upon the defendant of a petition praying for the condemnation of certain premises owned by him, and by the service of a notice that such petition would be presented to the Special Term of Supreme Court at the court house in the city of Auburn on the 31st day of December, at 10 o'clock a. m., and that the relief demanded thereby would be asked for. Upon the return day an answer was interposed by the defendant which put in issue substantially all the material allegations of the petition. Thereupon the parties agreed that an order of reference should be made, and agreed upon a referee to hear, try, and determine the issues. The order of reference was prepared, and the plaintiff's attorney indorsed his name upon it and filed the same. Such order of reference was made at a Special Term being held by Mr. Justice Rich, who at the time was a member of the Appellate Division, Second Department. The justice at the time suggested that possibly he was disqualified from making the order by reason of his designation to the Appellate Division, and thereupon the following was inserted in the order: "The parties hereto stipulated that this application be entertained by the court as above constituted the same as if the appointment of the judge holding the same to the Appellate Division had not been made." After such order of reference was made and entered, the cause was duly noticed for trial before the referee, and the trial proceeded to its conclusion without objection on the part or on behalf of the plaintiff, and resulted in a decision by the referee that the proceedings should be dismissed, with costs in favor of the defendant, and judgment was entered accordingly. Thereupon a motion was made at Special Term to set aside the referee's report and to vacate the judgment, on the ground that Justice Rich, who was holding the Special Term at which the order of reference was made, was disqualified to hold such court and to make the order of reference, because at the time he was a member of the Appellate Division, Second Department. Such motion was denied, and from the order denying the same this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

James R. Cox, for appellant.
John D. Teller, for respondent.

McLENNAN, P. J. The provision of the Constitution which it is claimed disqualified Justice Rich from holding the court and making the order of reference in question is as follows:

"No justice of the Appellate Division shall exercise any of the powers of a justice of the Supreme Court, other than those of a justice out of court, and those pertaining to the Appellate Division or to the hearing and decision of motions submitted by consent of counsel." Const. art. 6, § 2.

The same provision is contained in section 222 of the Code of Civil Procedure. While the language employed does not leave the meaning of the provision entirely free from doubt, we are constrained to hold that it was not the intention of the framers of the Constitution to permit a justice of the Appellate Division to hold a court for the hearing of motions, or to exercise any of the powers of a justice of the Supreme Court, other than those which may be exercised by a justice at chambers, and those pertaining to the appellate court of which he is a member. Any other interpretation would enable an appellate judge to hold a term for the hearing of motions and to dispose of all business which might come before him, unless the attorney for either party objected to the jurisdiction of the judge or refused to consent to his acting in any case. We think it was not intended that an attorney might be called upon in open court to consent, or decline to consent, that a judge might act in any particular motion noticed for a regular term of court. We are also of opinion that the parties could not by consent confer jurisdiction upon Justice Rich to hear the motion or make the order of reference in question. Oakley v. Aspinwall, 3 N. Y. 547.

But, assuming that the order of reference was invalid for the reasons indicated, it does not follow that the report of the referee, and the judgment entered thereon should be set aside. There is no equity in the position taken by the plaintiff. A referee satisfactory to it was named, selected by the respective counsel. Knowing all the facts, it proceeded with the trial to a conclusion, submitted its rights for decision, and, after having a decision rendered against it, seeks to obtain another chance of success otherwise than by appeal. We conclude that the order of reference was a nullity because of the disqualification of the justice, and that such disqualification was not waived by the consent of the parties that he should act. The parties, therefore, are in the position of having gone to trial before a referee selected by them without an order of reference having in fact been made and entered; but both parties assuming, as we must presume, in good faith that a valid order of reference had been made and entered, and the question is presented whether such defect, mistake, or omission may now be corrected and the trial and judgment saved.

We think sections 721–724 of the Code of Civil Procedure are sufficiently broad to authorize this court to make and direct the entry of an order of reference nunc pro tunc. In the case of Bonner v. McPhail, 31 Barb. 106, it was said by Lott, P. J., that while a referee must be appointed by an order of the court, and that to evidence such appointment some action of the court, shown by its records, was necessary, an order of reference made nunc pro tunc "was proper to perfect the record in the action, and to obviate any objections that might be made by either party to the acts and decision of the referee," who had heard and decided the case without such order having been made. In Scudder v. Snow, 29 How. Prac. 95, in an opinion written by Judge Morgan, it was said:

"As no authority is shown for the appointment of the referee, I think his report is inoperative, and will not sustain the judgment founded upon it. If the plaintiff's attorney had appeared before the referee, and a trial had been had upon the merits, I should feel bound to grant an order allowing

the defendant's attorney to draw up and enter an order of reference nunc pro tunc in pursuance of the decision of the court at special term."

As we have seen, in this case the trial was entered upon and was continued, until concluded, without objection, and final judgment was rendered. In the case of Katt v. Germania Fire Insurance Co., 26 Hun, 429, it was held that under section 721 of the Code of Civil Procedure a failure of a referee to be sworn will not authorize the court to set aside the judgment entered upon his report. In Eagan v. Moore, 2 Civ. Proc. R. 300, under section 724 of the Code of Civil Procedure it was held that the court has the power to allow the amendment of an offer of judgment after the trial of an action, nunc pro tunc, as of the time when it was made; and the court said:

"An examination of section 724 of the Code seems to lead to a conclusion that there is no step in an action or proceeding which, if imperfectly taken, is not the subject of amendment."

In Bliss v. Bliss, 11 Civ. Proc. R. 94, which was an action for divorce, it was—

"Held that an order was properly made upon the coming in of the referee's report amending order of reference nunc pro tunc, so as to refer in terms the action and all its issues to such referee for hearing and determination and to report thereon."

The foregoing and many other cases of similar import might be cited, which, as it seems to us, authorize this court to supply the defect and omission alleged in this case, rather than to set aside the report of the referee made in good faith, the result of a trial conducted with consent of all the parties, and to vacate the judgment entered upon such report. It is concluded that an order of reference should be made referring the issues to John M. Brainard, Esq., to hear, try, and determine the same, and that the same be entered as of the 31st day of December, 1904, and that the order appealed from should be affirmed, but without costs of this appeal.

Order affirmed, without costs of this appeal to either party, and an order directed to be entered upon this decision referring the issues herein to John M. Brainard, Esq., as referee to hear, try, and determine the same, and that such order of reference be entered as of the 31st day of December, 1904, the date of the order of reference pursuant to which said referee heard, tried, and determined the said issues.

NASH, J. concurs. WILLIAMS, J., concurs in result only.

SPRING, J. (dissenting). The petitioner is an incorporated cemetery association, and sought to acquire additional land of the defendant in pursuance of the condemnation law. An answer was interposed, and the court, at a Special Term presided over by a justice who had been designated to the Appellate Division, granted an order of reference appointing a referee to hear, try, and determine the issues raised by the pleadings. The parties consented to the referee, and the order was entered, a trial had, and a decision rendered directing that the petition be dismissed, with costs, and judgment was entered accordingly. Subsequently the petitioner made this motion to vacate the order of reference and the judgment on the ground that the justice presiding was disqualified from sitting in Special Term by reason of his designation to the Appellate Division, and the motion was denied.

I concur with the Presiding Justice that a justice of the Appellate Division is disqualified by article 6, § 2, of our state Constitution, from holding court, except in the Appellate Division, and that consequently the order of reference granted in this proceeding was a nullity. It is attempted, however, to inject life into this void decision and judgment by entering an order of reference as of the date of the invalid order. I do not find any warrant for this method of validating the proceeding. The procedure on the trial of issues under the condemnation law is found in section 3367 of the Code of Civil Procedure. This provides that the court shall try the issues raised by the petition and answer, or "it may order the same to be referred to a referee to hear and determine," and judgment may be entered upon the decision of the referee the same as in an action. The proceeding is in court all the time, and the order of reference in this distinctly statutory proceeding must be granted by the court. The parties and the justice presiding realized this necessity, and a court order was in form granted. The order was not, however, granted by a court, and consequently there was no authority for the referee to act. The lawyer who tried the case had no authority to administer an oath or to make a decision, for there was no order of reference which was the essential badge of his authority.

It is contended that section 721 to section 724 of the Code of Civil Procedure are sufficiently comprehensive to permit this court to grant an order nunc pro tunc. Section 721 enumerates with great particularity the defects or omissions which are cured by the verdict or decision. They all pertain to irregularities or defects which are obviated by appearance. The subsequent sections vest the court with power to amend or supply the defects or omissions in the pleadings, or to relieve a party from surprise or inadvertence; but they all pertain to corrections of an immaterial character. The distinction here is that the order of reference is at the threshold of the proceeding after issue, and is the only warrant for the referee to act at all. While the judgment should not be vacated unless we deem that course imperatively required, yet there is no occasion for any undue stretch of authority on our part. The defendant, who is an attorney of long practice and repute, was apprised of the constitutional disqualification of the justice presiding before the order was granted. The question was presented, and he elected to obtain and enter the order and take his chances. He is not surprised and there is no inadvertence. The pith of the controversy is that an order of reference was granted which was of no force whatever. It assumed to be a court order. It was not. It was no order. Notwithstanding its invalidity, the referee named in that void order has tried the case, rendered his decision, and judgment has been entered thereon. I think the whole proceeding is permeated with the vice which vitiated the order, and that it cannot now be galvanized into life.

The judgment and order should be reversed, with costs and disbursements of this appeal, and the motion granted, to the end that another application may be made at Special Term for a trial of the issues by the court or a referee as may seem advisable.

HISCOCK, J., concurs.