### DAVIS v. SEAWARD et al.

(Supreme Court, Appellate Division, Fourth Department.   November 24, 1915.)

Appeal from Special Term, Kings County.

Action by Buell G. Davis, individually and as executor of the last will and testament of Mary E. King, deceased, against George W. Seaward, as administrator with the will annexed of William Z. King, deceased, and others.   From a judgment (85 Misc. Rep. 210, 146 N. Y. Supp. 981) dismissing the complaint on the merits, plaintiff appeals. Affirmed.

See, also, 168 App. Div. 960, 153 N. Y. Supp. 1111.

The appeal herein was by order of the Appellate Division, Second Department, sent to the Appellate Division, Fourth Department, to be there heard and determined.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Robert H. Elder, of Brooklyn (Charles T. McCarthy, of Glen Cove, of counsel), for appellant.

Alton B. Parker, of New York City (Coombs & Wilson, of Brooklyn, of counsel), for respondents.

PER CURIAM.   The primary purpose of this action is to have certain designated judgments and orders, made and granted in an action in the Supreme Court wherein the defendant in this action, George W. Seaward, as administrator, etc., was, and in which prior to his appointment his predecessor as such administrator had been, plaintiff, and the plaintiff in this action as executor, etc., was the defendant, declared void.

It is claimed that Justice Joseph A. Burr sat as an associate justice of the Appellate Division, Second Department, in the hearing of two appeals to that court from judgments in that action.   It is also claimed that Justice Burr was disqualified to sit as a member of the court on the hearing of these appeals.   It is further claimed that because of these facts the judgments of the Appellate Division on the decision of

these appeals were, and each of them was, void. It is conceded that, if Justice Burr was not so disqualified, plaintiff has no cause of action. This court adopts that part of the opinion of Justice Crane, who heard the case at Special Term (reported 85 Misc. Rep. 210, 146 N. Y. Supp. 981), in which the question of the alleged disqualification of Justice Burr is discussed, and the conclusions thereon indicated in the opinion. This determination by the trial court required the disposition of the case thereupon made. It is therefore not necessary to consider on this appeal the other questions discussed either in the opinion of the trial court, or those presented by appellant's counsel on this appeal.

Judgment affirmed, without costs.