GEORGE H. KENNEDY and Others, as Executors, etc., of LOUISA STAMP, Deceased, Appellants, *v.* EDWARD SMITH and Others, Respondents, Impleaded with AGNES ROBERTS and Others, Defendants.

Third Department, July 6, 1922.

Judges — decision signed by Supreme Court justice prior to his designation to serve in Appellate Division but filed thereafter valid — judicial act complete when decision signed — evidence — law presumes decision made on its date and that public official has done his duty.

A decision which is signed by a Supreme Court justice while he has full authority to do so is valid, although it is not filed until after he is designated to serve in the Appellate Division, at which time such authority ceases. The fact that the law requires the filing of the decision within a given time does not mean that it is not a decision until it is filed. The judicial act is complete when the decision is signed.

The presumption is that a decision was made and signed on the day of its date, and where it has been delivered to someone for filing that the justice delivered it according to law, as the law presumes that a public official has done his duty.

APPEAL by the plaintiffs, George H. Kennedy and others, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 28th day of February, 1922, denying their motion to vacate a judgment herein in favor of the defendants and to restore the action to the trial calendar.

This appeal was transferred to this department from the Fourth Department of the Appellate Division. (See 202 App. Div. 780.)

*George H. Kennedy*, for the appellants.

*Ernest F. Kruse*, for the respondents.

HINMAN, J.:

The action was brought to quiet title to certain property in the city of Buffalo, N. Y. Trial was had before Mr. Justice SEARS at the October, 1921, Equity Term of the court in that city. On or about December 15, 1921, the trial justice filed an opinion holding adversely to the claim of the plaintiffs. (117 Misc. Rep. 237.) A

formal decision, stating the facts found and his conclusions of law and directing judgment to be entered thereon against the plaintiffs, bearing date December 30, 1921, was delivered to the clerk of the Special Term in the early forenoon of January 3, 1922. It does not appear who delivered it. On January 1, 1922, Mr. Justice SEARS was designated by the Governor to serve in the Appellate Division, Fourth Department.

The appellants seek to have declared void the decision of Mr. Justice SEARS, upon which the judgment herein is based and to have the judgment vacated and the case sent back for a new trial, on the ground that the decision not having been filed until after the designation of the trial justice to the Appellate Division, it and the judgment entered thereon are void.

The presumption is that the decision was made and signed on the day on which it bears date. Article 6, section 2, of the Constitution provides that a justice who has been designated to serve in the Appellate Division shall not " exercise any of the powers of a justice of the Supreme Court " within his department, with certain exceptions immaterial here. There is nothing before us which indicates in any way that the trial justice did any act relating to the case after the date of the decision, nor is there any claim by appellants that he did. The sole argument of the appellants is that there was no decision until the filing took place on January third, two days after the designation. Such cannot be the law. The filing of the decision is not the exercise of a power of a justice of the Supreme Court. The decision must be filed by someone, not necessarily by the justice, and must become a part of the judgment roll. (Civil Practice Act, §§ 440, 442.) There is no contention here that it was not filed within the time allowed by the Civil Practice Act. The mere fact that the law requires the filing of the decision within a given time does not mean that it is not a decision until it is filed. The judicial act is complete when it is signed. It is only its availability for the purpose of entering judgment thereon which is affected by the filing or failure to file within the time allowed by law. If not filed or if not filed in time, there is no decision upon which the judgment can be supported, if a motion is made for a new trial upon such ground and the court grants the motion; but that is not the question here. That is simply a question of a valid decision becoming voidable but not because the judicial act of making the decision was not complete.

It does not answer to say that a signed decision while retained in the possession of a justice is still subject to alteration or change and that a new and entirely different decision may yet be rendered. The fact that he had the power to do it would not render less com-

plete and effective the act already done, if he does not exercise the power. If he exercises the power it is a new judicial act which nullifies the former act and in turn becomes complete and effective by his signature to a new decision. The old one may be destroyed while still in his possession, by his voluntary act. The law does not say that it is destroyed by any disability on his part to modify it upon being designated to serve in the Appellate Division. The decision as rendered stands presumptively as his final decision, where, as in this case, it has been delivered to someone for filing, which delivery we must assume the justice accomplished according to law since there is nothing to indicate the contrary and the law presumes that a public official has done his duty.

The order should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.