THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES FENNELL, Relator, *v.* ARTHUR G. WILMOT, Respondent.

Supreme Court, Saratoga County, August 11, 1926.

Public officers — removal — Public Officers Law, § 34, authorizing governor to designate Supreme Court justice to take evidence on proceeding to remove public officer and to permit said justice to require attendance of witnesses thereon is constitutional — designation of Supreme Court justice to take evidence on proceedings instituted for removal of three public officers within Saratoga county not prohibited by State Constitution, article 6, § 19 — contempt — refusal of witnesses to testify — witnesses refused to testify as to gambling at certain places in Saratoga Springs — Penal Law, § 996, does not excuse said witnesses from testifying as to gambling on premises on ground testimony may incriminate them — justice holding investigation was within rights in committing witnesses to jail for contempt until they answered questions.

Section 34 of the Public Officers Law which authorizes the Governor, upon a proceeding for the removal of a public officer, to designate a justice of the Supreme Court residing in the district in which the officer proceeded against resides to take evidence, to require the attendance of witnesses before him, and to issue subpœnas for such witnesses, is constitutional.

Accordingly, the designation by the Governor of a Supreme Court justice to take evidence on a proceeding instituted for the removal of the district attorney and the sheriff of Saratoga county and the commissioner of public safety of the city of Saratoga Springs in said county was proper and did not run counter to section 19 of article 6 of the State Constitution which prohibits a justice of the Supreme Court from holding any other public office or trust, for the

duties performed by said justice were merely transient, occasional and incidental, and as such were well within his powers as a Supreme Court justice residing in the district in which the public officers proceeded against had their residence.

Moreover, the refusal of witnesses, who had been required to attend upon the proceeding herein, to testify as to whether or not gambling was carried on at certain places in the city of Saratoga Springs, on the ground that any testimony they might give would tend to incriminate them, was contumacious and the justice holding said investigation was within his rights in committing said witnesses to the common jail of Saratoga county for contempt until they answered the questions put to them.

Section 996 of the Penal Law did not excuse said witnesses from testifying as to gambling conditions, for the statute itself provides for immunity on account of such testimony.

PROCEEDINGS upon return of writ of habeas corpus. (Three proceedings.)

*Knapp & Sherman* [*Theodore A. Knapp* of counsel], for the relator.

No other appearances.

The court, after hearing counsel for the relator, dictated the following decision from the bench:

NICHOLS, J. Mr. Justice HEFFERNAN, one of the justices of the Supreme Court in the fourth judicial district, was appointed by the Governor pursuant to the provisions of section 34 of the Public Officers Law to take the evidence in a proceeding instituted for the removal by the Governor of three public officials, to wit, the district attorney and the sheriff of the county of Saratoga and the commissioner of public safety of the city of Saratoga Springs in said county.

Section 34 of the Public Officers Law provides, among other things, as follows:

" Sec. 34. Evidence in proceedings for removal by governor. The governor * * * may direct that the evidence be taken before a justice of the supreme court of the district, or the county judge of the county in which the officer proceeded against shall reside * * *. The commissioner or judge directed to take such evidence may require witnesses to attend before him, and shall issue subpœnas for such witnesses as may be requested by the officer proceeded against."

In pursuance to that appointment, Justice HEFFERNAN, who was a Supreme Court justice of the judicial district in which the county of Saratoga is contained, issued subpœnas for each of the three witnesses who are the relators in these proceedings and who have sued out writs of habeas corpus herein, requiring them to attend and testify, and each of them appeared before said justice and were sworn in said proceeding.

By subdivision 3 of section 406 of the Civil Practice Act it is provided, that if the person subpœnaed refuses without a reasonable cause to be examined or to answer a legal and pertinent question, the person issuing the subpœna, if he is a judge of a court of record, may forthwith by warrant commit the offender to jail there to remain until he submits to do the act which he is so required to do or is discharged according to law. There are other provisions which are required to be contained in the commitment which are not necessary to discuss at this time.

By section 19 of article 6 of the Constitution of the State of New York it is provided: " The judges of the Court of Appeals and the justices of the Supreme Court shall not hold any other public office or trust  *  *  *." This section has been construed and is really, in my opinion, the crux of this proceeding. The Court of Appeals in *People ex rel. Welch* v. *Bard* (209 N. Y. 304, 308), referring to the last cited section of the Constitution, says: " The judicial construction given to this constitutional prohibition shows that it does not forbid the legislature from conferring upon a supreme court justice authority to issue such a call for military aid to suppress a riot as was issued in the present case. It does not prohibit the exercise of a function which is ' merely transient, occasional or incidental.' [Citing *People ex rel. Washington* v. *Nichols,* 52 N. Y. 478.]  *  *  * The performance of administrative duties as to matters incidental to the exercise of judicial powers or which have some reasonable connection with a judicial purpose has repeatedly been sanctioned." (Citing authorities.) The Court of Appeals has also held in *Citizen's Savings Bank* v. *Town of Greenburgh* (173 N. Y. 215) that the court acts judicially in performing duties imposed by the section relative to the laying out of a proposed highway. It has been held that to appoint a special jury commissioner is an incident to the duties of a justice of the Supreme Court. And the question for this court to determine is whether the duties performed by Mr. Justice HEFFERNAN on this occasion were " transient, occasional and incidental." I do not think I would be justified in holding that it is unconstitutional under the circumstances; and I hold that it was the exercise of a function which is merely " transient, occasional and incidental " and permitted under the Constitution.

The questions asked the witnesses without any doubt refer to gambling alleged to be carried on at 19 Phila avenue and 9 Woodlawn avenue, Saratoga Springs, N. Y. By section 10 of the Code of Criminal Procedure it is provided: " No person can be compelled in a criminal proceeding to be a witness against himself." By section 6 of article 1 of the Constitution of the State of New York

it is provided: " * * * nor shall he be compelled in any criminal case to be a witness against himself." This exemption has been changed by legislative enactment since the opinion of the court in the case of *People ex rel. Lewisohn* v. *O'Brien* (176 N. Y. 253).

Section 996 of the Penal Law provides:

" § 996. Witnesses' privileges. 1. No person shall be excused from attending and testifying, or producing any books, papers or other documents before any court or magistrate, upon any investigation, proceeding or trial, for a violation of any of the provisions of this article, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding."

The foregoing quoted section relates to the offense of gambling and the term " upon any investigation " means a proceeding of the character being conducted by Mr. Justice HEFFERNAN. The immunity given therein is as broad as the constitutional requirement of exemption; not only can such evidence so given not be used against him in any criminal investigation or proceeding, but also he cannot be prosecuted or subjected to any penalty or forfeiture for or on account of such testimony.

For these reasons I hold that it was the witnesses' duty to answer the questions asked; and that it was within the prerogatives of the justice holding the investigation to commit the witnesses to the common jail of the county of Saratoga until they answer those questions. And I remand them into the custody of the sheriff of Saratoga county. No costs.