In the Matter of the Petition of MAURICE E. CONNOLLY for an Alternative Prohibition Order Directed against Honorable TOWN-SEND SCUDDER, a Justice of the Supreme Court of the Second Judicial District.

Second Department, February 1, 1928.

**Public officers — removal of president of borough of Queens, city of New York — application for alternative prohibition order to restrain justice of Supreme Court from conducting examination — justice was appointed by Governor, under Public Officers Law, § 34, to take evidence as to charges against borough president and to report evidence of findings and conclusions — justice notified borough president that public hearing would be held February 1, 1928 — prior to February first, justice issued subpœnas and took evidence affecting merits, in absence of borough president — State Constitution, art. 6, § 19, prohibits justice of Supreme Court from holding any other public office or trust excepting as member of Constitutional Convention — justice violates constitutional limitations in acting as investigator unless his duties are merely transient and incidental, or unless he is acting in judicial capacity — duties are not transient or incidental — justice is acting in judicial capacity — Governor may remove borough president, under Greater New York Charter, §§ 122, 382, in same manner as he may remove sheriff, under State Constitution, art. 10, § 1 — justice restrained from conducting further examination in absence of borough president — only question of jurisdiction may be considered on application for prohibition order.**

The Governor, acting under section 34 of the Public Officers Law, appointed the respondent, a justice of the Supreme Court, to take evidence as to certain charges against the petitioner, the borough president of the borough of Queens, city of New York, and to report the evidence, together with his findings and conclusions thereon. The respondent caused a notice to be served upon the petitioner that evidence would be taken in the proceeding at a hearing to be held at the County Court House, Long Island City, on February 1, 1928. But prior thereto, the respondent issued subpœnas and examined witnesses under oath as to the

merits of the charges.    The present application is for an alternative prohibition order to restrain the respondent from continuing the examination of witnesses in the absence of the petitioner and from acting further in the proceeding.

Section 19 of article 6 of the State Constitution prohibits a justice of the Supreme Court from holding any other public office or trust except as a member of the Constitutional Convention, and unless it can be said that his duties, under the appointment by the Governor, are merely transient or incidental, or that the proceeding, while not judicial, partakes of the nature thereof and the power conferred by the appointment is conferred upon a judge, the respondent is violating that provision of the State Constitution.    It cannot be said that the duties of the respondent in taking the evidence and reporting his findings and conclusions thereon, are merely transient and incidental, and, therefore, the first alternative does not apply.

However, while the proceeding is not strictly a judicial proceeding, judicial methods are used and judicial powers are incidentally invoked, and the power conferred on the respondent, as a justice of the Supreme Court, acting under section 34 of the Public Officers Law, is conferred upon him as a judge and not as an independent officer.    Therefore, since the respondent is acting as a judge he is not violating the provisions of the State Constitution, but, on the other hand, he must conduct the proceedings in the manner in which the statute directs.

The Governor has the power to remove a borough president, under sections 122 and 382 of the Greater New York Charter, in the manner specified for the removal of a sheriff by section 1 of article 10 of the State Constitution, and, therefore, he may direct a justice of the Supreme Court to take the evidence as provided by section 34 of the Public Officers Law, and report his findings and conclusions thereon.    But the petitioner is entitled to a notice of the hearing and to an opportunity to be present and cross-examine witnesses against him and to present witnesses to refute the charges, and, therefore, the justice committed error in conducting the examination on the merits in private, in the absence of the petitioner and without notice to him.

The contention that the respondent has disqualified himself from proceeding further because of bias and prejudice created out of the fact that he conducted the examination of many witnesses behind closed doors, in the absence of the petitioner, and prior to the appointed time, cannot be raised in this proceeding, for the only question that can be considered on an application for a prohibition order is the question of jurisdiction.

CARSWELL, J., dissents in part.

MOTION for an alternative prohibition order.

*Max D. Steuer* [*Aron Steuer* and *Ben Herzberg* with him on the brief], for the motion.

*Emory R. Buckner* [*John M. Harlan* and *Herman T. Stichman* with him on the brief], opposed.

PER CURIAM.    Under date of December 16, 1927, the Governor of the State, pursuant to section 34 of the Public Officers Law, directed TOWNSEND SCUDDER, one of the justices of the Supreme Court in and for the Second Judicial District, to take evidence as to certain charges against Maurice E. Connolly, borough president of the borough of Queens, and to report to the Governor the evidence taken in the proceeding with the findings and material facts deemed

by him to be established in connection with such charges, together with his conclusions thereon.    In accordance with section 34 of the Public Officers Law, Mr. Justice SCUDDER caused a notice to be served upon said Connolly that evidence would be taken in the proceeding at a hearing to be held before him at the County Court House, Long Island City, on the 1st day of February, 1928.    From January 5 to January 18, 1928, Mr. Justice SCUDDER issued numerous subpoenas requiring persons and corporations to appear before him at his chambers prior to February 1, 1928, to attend an inquiry and give evidence in the matter of the said charges.    Pursuant to such subpoenas, about forty witnesses attended before said justice at his chambers.    It is conceded these witnesses were examined under oath as to the merits of the charges. Said Connolly was not notified of these proceedings, nor was he present thereat in person or by counsel.    Upon these facts, an alternative order of prohibition is sought to restrain Mr. Justice SCUDDER, not only from continuing the examination of witnesses in the absence of said Connolly, but also from acting further in the proceeding.

Article 3, section 1, of the Constitution of the United States provides: " The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."

It has been held by the United States Supreme Court (*Gordon* v. *United States*, 117 U. S. 697; *United States* v. *Ferreira*, 13 How. [U. S.] 40), as stated by BLACKMAR, J., in *Matter of Mitchel* v. *Cropsey* (177 App. Div. 663): " The end and object of all civil judicial proceedings is the enforcement or protection of a right, or the redress or prevention of a wrong.. So the Supreme Court of the United States  *  *  *  refused to entertain an appeal from the Court of Claims because that court did not pronounce an enforcible judgment, but its decisions were practically advisory only."

It thus appears that in order to constitute a proceeding a judicial one within the meaning of the Federal Constitution, it is necessary that there be a final adjudication which may be enforced.    As the Federal government is divided, so is the State government divided into three departments, each separate and distinct, and designed to operate as a check upon the others.    (*Matter of Davies*, 168 N. Y. 89.)

Article 6, section 19, of the State Constitution provides in part: " The judges of the Court of Appeals and the justices of the Supreme Court shall not hold any other public office or trust, except that they shall be eligible to serve as members of a Constitutional Con-

38

vention." In the face of the purpose of the division of State government into these three separate and distinct divisions and the provision of the State Constitution last quoted, it has been held that the issue of a call by a justice of the Supreme Court upon the State militia in case of a riot is the exercise of judicial power. (*People ex rel. Welch* v. *Bard*, 209 N. Y. 304.) The theory upon which the case was really decided was that there was a decision made upon the facts as to the necessity of the call. In other words, there was a determination which gave life to the act to be done. Upon the basis of either of the foregoing rules, it must be held that Mr. Justice SCUDDER is not acting in a judicial proceeding. Here there will be no determinative adjudication or decision. There is to be a finding but it is only advisory. The justice is, therefore, transgressing constitutional limitations unless (1) it can be said that his duties are merely " transient, occasional or incidental," as was the ruling in *People ex rel. Washington* v. *Nichols* (52 N. Y. 478), or (2) although the proceeding may not be judicial, it partakes of the nature thereof and the power is conferred upon a judge.

As to alternative (1) to apply the rule stated would mean that a judicial officer, acting as the agent of the executive, was not holding another public office or trust. This rule should not be extended to a proceeding of such vital importance and serious consequences. It is dangerous doctrine which permits exception to sound principle for the sake of a beneficent end. This is happening far too frequently these days. The evasion of such principle does far more harm than the evil sought to be cured or wrong to be remedied. If these proceedings were before the Governor, he would make a decision. That, in a sense, would be a judicial act, but not an invasion of constitutional judicial prerogative because it is in the course of an executive act by an executive. The same may be said of legislative investigations and proceedings. Here, however, upon the basis of the alternative under discussion, the judge is acting in the domain of the executive, and is authorized as a commissioner to take testimony for the Governor, as in *United States* v. *Ferreira* (13 How. [U. S.] 40) district judges, who had to decide upon the validity of claims and, if in favor of claimants, to report to the Secretary of the Treasury, who was to determine if they should be paid, were held not to act as judges but as commissioners to adjust claims and report thereon. But there is no provision in the Federal Constitution which prevents a judge from holding any other office or trust.

As to the second alternative: While this proceeding may not be a judicial proceeding, judicial methods are used and judicial powers

incidentally invoked. (*Matter of Mitchel* v. *Cropsey,* 177 App. Div. 663.) There is notice to the accused, subpœnas are issued, oaths administered to witnesses, their examination had, counsel present, the power of the county may be called upon to execute process, and findings of the material facts deemed to be established are made to advise the executive. The power so conferred on a justice of the Supreme Court is conferred upon him as a judge. (*Matter of Mitchel* v. *Cropsey, supra.*) Thus, Mr. Justice SCUDDER's appointment was as a judge to conduct these proceedings.

Since Mr. Justice SCUDDER is acting as a judge, his powers must be exercised in the manner in which the statute directs. (*Matter of Mitchel* v. *Cropsey, supra.*) The justice is not in the position of the executive, against whose actions, were he to conduct this proceeding, no direct attack could be made in the courts. Charges against a borough president are, pursuant to statutory provision, to be made and heard the same as charges against a sheriff. (Greater N. Y. Charter [Laws of 1901, chap. 466], § 382, as amd. by Laws of 1923, chap. 780; Id. § 122.)

Article 10, section 1, of the Constitution, dealing with the removal of various officers, including sheriffs, provides: " The Governor may remove any officer, in this section mentioned, within the term for which he shall have been elected; giving to such officer a copy of the charges against him, and an opportunity of being heard in his defense."

Under section 34 of the Public Officers Law, where the Governor does not take the evidence in any proceeding for a removal, he may direct the evidence to be taken before a justice of the Supreme Court. The Governor may direct such judge, as was required in this case, to report to him the evidence and the findings by the judge of the material facts deemed by the judge to be established. The judge may require witnesses to attend before him, and issue subpœnas for such witnesses. It will be noticed that the act provides that the *evidence is to be taken* before a justice of the Supreme Court, and not that he *conduct* the examination. It is further provided that the Governor may direct the Attorney-General or the district attorney of the county to conduct the examination into the truth of the charges. It is also provided that at least eight days' written notice of the time and place of the examination shall be given to the officer proceeded against. It thus clearly appears that the Constitution and the statutory provision require that there be a hearing. A hearing imports the presence of the accused, with full opportunity to cross-examine witnesses produced to support the charges, the right to be represented by counsel and to present witnesses to refute the charges. (See *People ex rel.*

*Mayor* v. *Nichols,* 79 N. Y. 582.) The present method of conducting this proceeding is in violation of constitutional and statutory limitations. Judges, as others, are not above the law. Such a violation may be restrained by an order of prohibition. (*Matter of Mitchel* v. *Cropsey, supra.*) There is no other judicial remedy.

It is also urged that Mr. Justice SCUDDER has disqualified himself from proceeding further in this matter because of bias and prejudice created out of the fact that the proceeding is being conducted on the merits behind closed doors in the absence of the accused. Bias and prejudice, such as are here claimed, may be the basis of an attack upon a judicial determination by appeal, but they do not involve the question of jurisdiction. Prohibition may only be invoked where there is an exercise of power beyond jurisdiction. (33 C. J. 998; *People ex rel. Devery* v. *Jerome,* 36 Misc. 256, O'GORMAN, J., writing; *Davis* v. *Seaward,* 85 id. 210, Judge CRANE, then a Supreme Court justice, writing; affd., 171 App. Div. 963.)

The motion should, therefore, be granted to the extent of commanding the Hon. TOWNSEND SCUDDER, a justice of the Supreme Court, to desist and refrain, until the further direction of this court, from any further proceedings in the matter of charges against the petitioner by way of taking and hearing the evidence of witnesses, except at a hearing at which the petitioner is afforded an opportunity of being present. In all other respects the petition is denied.

LAZANSKY, P. J., YOUNG and SEEGER, JJ., concur; KAPPER, J., concurs in result in a separate memorandum; CARSWELL, J., concurs in the result in part, in a separate memorandum, and votes to deny the application in its entirety.

KAPPER, J. (concurring in result). I concur in the result. I am in accord with the view that disqualification by reason of a state of mind ought not to prevail, and that it must be assumed that Mr. Justice SCUDDER will approach the hearing with a mind open, receptive and fair. I am also in accord with the view that the task imposed upon the justice, pursuant to the legislative authority contained in the Public Officers Law, section 34, is a judicial task, and contemplates the conduct of this proceeding " in a judicial manner " and in the exercise of " judicial power."

On January 1, 1928, the Governor designated Mr. Justice SCUDDER, " as an Associate Justice of the Appellate Division of the Supreme Court in and for the Second Judicial Department." When the Governor directed Mr. Justice SCUDDER to take evidence in this proceeding and to report the same to him with findings and conclusions, such authorization was expressly stated to be to " one

of the justices of the Supreme Court in and for the Second Judicial District," that district being within the department in and for which he was duly designated as an associate justice of the Appellate Division.

The Constitution (Art. 6, § 2) provides: " No justice of the Appellate Division shall, within the department to which he may be designated to perform the duties of an appellate justice, exercise any of the powers of a justice of the Supreme Court, other than those of a justice out of court, and those pertaining to the Appellate Division, except that he may decide causes or proceedings theretofore submitted, or hear and decide motions submitted by consent of counsel."

The present proceeding is not the exercise of the powers of a justice " out of court," nor does it pertain to the powers of the Appellate Division.  There is no misunderstanding in the legal profession as to what is meant by a justice acting " out of court." Such judicial work has always been understood to be of an *ex parte* character, and the words have been construed to mean the exercise of such powers as " may be exercised by a justice at chambers." (*Owasco Lake Cemetery* v. *Teller*, 110 App. Div. 450, 452.)   A reading of section 34 of the Public Officers Law does not seem to me to admit of any such claim as that the proceeding before the justice can in any wise be likened to chambers work or the exercise of powers out of court.   Nor does the proceeding involve the decision of a cause " submitted " to the justice prior to his designation as an associate justice of the Appellate Division and which the constitutional provision above quoted would permit him to determine.   Neither can the present proceeding be regarded as a *motion* which could be heard upon consent of counsel; for, even if the parties here consented to confer jurisdiction upon an associate justice of the Appellate Division, such consent would be ineffectual.   (*Owasco Lake Cemetery* v. *Teller, supra.*)

Whether the reasons stated in *People* v. *Hall* (169 N. Y. 184, 194) are the only ones for inclusion in the Constitution of the inhibition, the fact nevertheless remains that by the plain language of the Constitution the designation of a justice of the Supreme Court to the Appellate Division " at once suspends his power " to perform the duties of a justice of the Supreme Court, " and during the period for which he was so designated he can perform no judicial function except as specially authorized by the Constitution."   (*Williamson* v. *Randolph*, 111 App. Div. 539, 540.) (See, also, *Owasco Lake Cemetery* v. *Teller, supra; Kennedy* v. *Smith*, 202 App. Div. 249.)  It is not a strained argument to say that section 34 of the Public Officers Law authorizing the Governor to

direct a justice of the Supreme Court to conduct the hearing does not mean that an associate justice of the Appellate Division may be so empowered. I am now speaking of a proceeding contemplating the removal of an elective official and not of a matter in which the Governor may seek advice from someone whom he knows whether he be a judge or engaged in some other service, private or public.

Of course, my view to find support must be predicated upon the theory that the work assigned by the Governor to Mr. Justice SCUDDER is judicial, and is to proceed " in a judicial manner " involving the exercise of " judicial power." If this be not held, it seems to me that Mr. Justice SCUDDER would be disqualified under article 6, section 19, of the Constitution which prohibits justices of the Supreme Court from holding any other public office or trust. If the proceeding is to be regarded as executive in character, then I doubt the power of the Legislature to impose such a task upon a justice of the Supreme Court. And, applying the usual rule of validity of statute where there is doubt, I prefer to take the view that the proceeding is a judicial one. The proceeding here involved can hardly be likened to the examination of relics (*People ex rel. Washington* v. *Nichols*, 52 N. Y. 478) or the issuance of a riot call. (*People ex rel. Welch* v. *Bard*, 209 N. Y. 304.) There is here required all the solemnity of a trial presided over by a justice of the Supreme Court who is to give notice of the hearing to the official accused and to report to the Governor the findings and conclusions of law reached by the justice. The mere fact that there is no power of review does not rob the proceeding of its judicial nature. As was said by Judge WILLARD BARTLETT in *People ex rel. Welch* v. *Bard* (*supra,* 309): " As an objection to the view that Judge BROWN acted judicially in determining that a riot existed in Buffalo, it is suggested that there is no provision for reviewing such determination by appeal; but it may be observed that a right of review by appeal is not an essential element of due process of law — although a contrary assumption is often intimated in the discussion of legal questions."

I have grave doubt of Mr. Justice SCUDDER's power to continue to act as a justice of the Supreme Court in the present proceeding, such doubt arising in my mind by virtue of his designation as an associate justice of the Appellate Division in the Second Judicial Department.

CARSWELL, J. (concurring in part). I vote to deny the application in its entirety.

(1) Section 382 and section 122 of the Greater New York Charter (Laws of 1901, chap. 466, as amd. by Laws of 1923, chap. 780, for § 382) make the procedure with respect to sheriffs, in article 10,

section 1, of the State Constitution, govern the removal of a borough president by a Governor. That provision, so far as pertinent, is: " The Governor may remove [a borough president]  *  *  *  within the term for which he shall have been elected; giving to such officer a copy of the charges against him, and an opportunity of being heard in his defense."

This is a grant of absolute power of removal without limitation of any kind, except the single limitation that the officer shall receive a copy of the charges against him and have an opportunity to be heard in his defense. No other limitation may be read into this constitutional grant to the Executive of the power of removal of such an officer. The constitutional debates and authorities establish this. (*Matter of Guden*, 171 N. Y. 529.) The untrammeled nature of this constitutional grant of power should control the construction to be placed upon sections 33 and 34 of the Public Officers Law. Section 33 parallels in its pertinent language the above-quoted constitutional provision. Section 34 says the Governor, instead of taking evidence himself, *may* direct " that the evidence be taken " by certain specified individuals, including a Supreme Court justice, and require such an individual to report the evidence taken in such proceeding, or the evidence and the findings of said individual of the material facts deemed to be established by that evidence.

The language of section 34 should not be construed to hobble or hamper the purpose for which it is designed, of enabling the designee efficiently to inform the Executive in an advisory way. It is indisputable that under section 34 the justice or other individual deputized to take the evidence cannot make a binding decision.

There is nothing in any constitutional or statutory provision that directly empowers or authorizes this court to pass judgment upon the qualifications of the individual designated by the Governor to act for him in taking evidence. This court may not exercise that power by indirection. The Governor is the sole judge of the qualifications of the individual that he selects within the classes specified in the statute.

This court would have no power to declare that the Governor is wanting in the requisites of an impartial tribunal if he acted himself, in the instant case, instead of through a deputy or designee, so long as he observed the constitutional requirements of furnishing a copy of the charges and of giving the respondent an opportunity to be heard. No court would have the power to pass judgment upon whether the Governor was or was not prejudiced by reason of information he had obtained prior to the hearings.

By like token this court has no power to review or determine the

degree of impartiality or integrity of the deputy or designee whom the Governor under the statute requires to take the evidence for him. If perchance the instrument he selects should be corrupt or biased, that is for him to consider in connection with the weight to be given to such designee's advisory opinion. If such a deputy or designee be faithless or worthless, it presents no question with which this court may concern itself; that is for the Governor. Therefore, if it be assumed that the Supreme Court justice deputized and designated by the Governor has become disabled and biased by reason of having gained impressions from information received in the absence of the respondent, this court may not restrain or attempt to restrain such designated justice from acting under the designation given by the Governor. It could not restrain the Governor similarly situated and similarly biased, and it, therefore, may not restrain the Governor's agent similarly affected. There is no constitutional or valid statutory requirement that the Governor should be free from the effects of information upon his mind received in the absence of the accused; likewise, there is a similar lack in regard to the Governor's designee or deputy. To hold otherwise would be a judicial usurpation of executive power without even colorable authority in law, and such an attempted usurpation a virile Executive could properly ignore and nullify with the power at his command. (*State of Mississippi* v. *Johnson,* 71 U. S. [4 Wall.] 475, 500.) This is so, because the power of removal is reposed solely in the Executive, without limitation of any kind other than that the officer involved be given a copy of the charges and an opportunity to be heard in his defense.

Mr. Justice SCUDDER, acting in aid of the exercise of executive power, is not subject to prohibition upon any ground with respect to his qualifications, that is, with respect to alleged prejudice, bias or unfitness, predicated upon any ground whatsoever. The sole judge in that respect of the designee of a Governor is the Governor himself.

The statutory provision authorizing Mr. Justice SCUDDER's selection is not invalid. The taking of evidence is an activity of a judicial nature, but doing so at request of the Governor in aid of the exercise of executive power, does not constitute the taking or holding of another office or public trust on the part of a Supreme Court justice. (*People ex rel. Fennell* v. *Wilmot,* 127 Misc. 791.) The well-settled attributes of office are absent herein. (*People ex rel. Washington* v. *Nichols,* 52 N. Y. 478, 484, 485.)

Section 34 of the Public Officers Law is a legislative specification of the means available to the Governor to perform his constitutional function. It may not be construed to limit the means available

to him under article 10, section 1, of the Constitution. It authorizes the Governor to confer the power upon a Supreme Court justice as such, as distinguished from the Supreme Court, to act in aid of the Executive as a person and not as an official. The books are replete with instances where executive or administrative duties have been conferred upon a judicial officer as distinguished from the court, where they concern acts which are akin to judicial activities and have a reasonable relation thereto and the exercise of the function is " merely transient, occasional or incidental." (*People ex rel. Washington* v. *Nichols,* 52 N. Y. 478; *Matter of Davies,* 168 id. 89, 102; *People ex rel. Welch* v. *Bard,* 209 id. 304; *Matter of Mitchel* v. *Cropsey,* 177 App. Div. 663, 669.) In this instance the power conferred upon a justice as a person or commissioner to do an administrative act is required to be performed on transient occasions. The methods of the inquiry take on *some* of the characteristics of a judicial proceeding, and their performance is properly deemed transient as well as incidental to the judicial office. Since the designee does not make a binding decision, the proceeding is not a judicial proceeding. (*People ex rel. Bender* v. *Milliken,* 185 N. Y. 35, 40, 41; *Matter of Mitchel* v. *Cropsey,* 177 App. Div. 663, 667.) Therefore, the justice designated is not incapacitated from taking the evidence he was designated by the Governor to take, since the conferring of this degree of administrative work of a judicial nature upon a judicial officer is permissible, being " transient, occasional or incidental."

The performing of a function which utilizes the methods commonly found in judicial proceedings for fact finding does not change the true nature and character of the main body of the act where such methods of a judicial nature are merely incidental. There are instances without number where fact finding by methods judicial in their nature, and the making of recommendations founded thereon or acting thereon, have been held to be validly indulged in by the Legislature and the Executive. (Executive Law, § 8; Legislative Law, § 60; Civil Service Law, § 6; *People* v. *Klinck Packing Co.,* 214 N. Y. 121, 139; *Village of Saratoga Spgs.* v. *Saratoga Gas, etc., Co.,* 191 id. 123; *Matter of Guden, supra; People ex rel. Bender* v. *Milliken, supra; People ex rel. Smith* v. *Doyle,* 44 App. Div. 402; 162 N. Y. 659; *Commonwealth* v. *Sisson,* 189 Mass. 247.) These holdings are consistent with their converse, the doing on transient, occasional or incidental instances by the judiciary of acts which are susceptible of being deemed administrative or executive acts. (*People* v. *Hall,* 169 N. Y. 184; *Matter of Davies,* 168 id. 89, 102; *Matter of Mitchel* v. *Cropsey,* 177 App. Div. 663, 669.)

It is not necessary to here decide whether subpœnas are valid

which require the attendance of witnesses at hearings at which the defendant is not present. This is said without intimating that they are invalid.

The sole question here is whether the acquisition or acquirement of information relating to the merits of the charges by the deputy or designee of the Governor, other than at hearings at which the respondent has been directed to attend, disqualifies him from acting at the public hearings. That is a question with which this court has no concern, and, therefore, prohibition may not issue. Especially is this so where its issuance would involve public inconvenience and cause a greater mischief than could possibly ensue from denying its issuance. (*People ex rel. First Nat. Bank of Kingston* v. *Supervisors Ulster County,* 31 How. Pr. 237.)

It may not be presumed as a matter of law that the Governor will accept or give undue weight to the opinion of his designee, if it be made apparent to him that the opinion of that designee is not founded upon the evidence which he reports back to the Governor. There is authority holding that the learning of some facts *ex parte* does not necessarily disqualify a trained judicial officer from rendering an impartial judgment upon and after a hearing of the adverse party (*Citizens' Sav. Bank* v. *Town of Greenburgh,* 173 N. Y. 215), or even of reviewing his own decision impartially. (*Pierce* v. *Delamater,* 1 N. Y. 17, 18.)

Assuming the nature of the duties required by the Governor's authorization to be performed by Mr. Justice SCUDDER is as has been indicated, then no infirmity results from the point which has been raised by Mr. Justice KAPPER, and not by any of the parties hereto. In *People* v. *Hall* (169 N. Y. 184) it was held that the devolving of an executive duty on justices of the Appellate Division was not invalid by reason of article 6, section 2, of the Constitution. In that case the Appellate Division justices were authorized to appoint jury commissioners.

(2) Moreover, if it be assumed that the duties required of Mr. Justice SCUDDER by the Governor are not those of an Executive investigator, which they are, and that the acts required of him constitute a judicial proceeding, which they do not, because the prime essential to a judicial proceeding is absent (the power to make a decision and enforce it), still prohibition may not issue upon the ground it is sought herein.

Bias is not a disqualification in advance of a trial. (*People ex rel. Devery* v. *Jerome,* 36 Misc. 256; Judiciary Law, § 15, as amd. by Laws of 1917, chap. 28.) It may only be urged after a trial that " justice requires " that it be held to have affected the result. (*People* v. *Lennon,* 206 App. Div. 266, 268; *People*

v. *Naimark*, 154 id. 760.)    Then the inquiry would be, was there bias, and did it affect the result to the detriment of the one claimed to have been aggrieved?    If it did not exist, or if, existing, it did not unjustly affect the result, it would be no ground for a successful appeal.    In this case the opportunity to urge it, if occasion ever requires, is afforded by the constitutional and statutory provisions under which the investigation is being had. It may be that the justice herein deputized to act as a commissioner in an executive investigation, even though deemed to be biased, may advise favorably to the respondent, and if he advises unfavorably the claim of bias may be appraised and valued at its true worth by the Governor.

Article 6, section 2, of the Constitution declares that a Supreme Court justice designated to sit in the Appellate Division may not " exercise any of the powers of a Justice of the Supreme Court, other than those of a Justice out of court    *    *    *." This does not affect the deputizing of Mr. Justice SCUDDER herein by the Governor to investigate for him.    When acting under that designation he does not act as a Supreme Court justice.    The enacting of a special provision as to subpœna power shows that he does not act as a justice.    The reference to a Supreme Court justice is merely descriptive of one class of individuals who may be designated. It requires him to act under section 34 of the Public Officers Law, which authorizes the Governor to appoint any person as a commissioner to act for him, including among such available persons certain specified judicial officers, among others a Supreme Court justice. When any person, whether he is an incumbent of an office or not, acts on behalf of the Governor, he does so under section 34 of the Public Officers Law as a deputy of the Governor, and, as is described in the section, he acts as a commissioner.

This view has received practical application in the recent deputizing of Mr. Justice McAvoy, an Appellate Division justice, to conduct a transit investigation on behalf of the Governor, under section 8 of the Executive Law.    That statute did not specify that a Supreme Court justice might act, but merely stated that the Governor could appoint one or more persons to act for him to investigate State bureaus or commissions.    That section recognized that such persons so designated might be regularly in the service of the State, though it did not specify a Supreme Court justice, because of a provision for compensation for a designated person if he was not in the service of the State.    In that instance it was no doubt considered whether an Appellate Division justice acting thereunder was qualified to act in the light of the effect upon the powers of a justice of the Supreme Court by reason of a designa-

tion to sit in the Appellate Division, under article 6, section 2, of the Constitution.

Accordingly, upon the first ground stated, I vote to deny the application in its entirety.

Petition for alternative prohibition order granted to the extent of commanding the Hon. TOWNSEND SCUDDER, a justice of the Supreme Court, to desist and refrain, until the further direction of this court, from any further proceedings in the matter of charges against the petitioner by way of taking and hearing the evidence of witnesses except at a hearing at which the petitioner is afforded an opportunity of being present. In all other respects the petition is denied. Settle order on notice.