## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### July 6, 1923.

## THE PEOPLE EX REL. OWEN W. WATKINS v. PATRICK LENNON.

(206 App. Div. 266.)

(1) DISORDERLY CONDUCT—TRIAL—POLICEMAN CHARGED WITH DISORDERLY CONDUCT AFTER ASSAULTING PRISONER—MAGISTRATE BEFORE WHOM PRISONER WAS BROUGHT ASKED TO PREFER CHARGES AGAINST POLICEMAN—MAGISTRATE WAS PREJUDICED AGAINST DEFENDANT, WHO DID NOT HAVE FAIR TRIAL.

The defendant, who is a policeman in New York city, did not have a fair trial of the charge of disorderly conduct, since it appears that after he had arrested a prisoner and brought him into the Magistrate's Court

.the prisoner claimed that the defendant had beaten him and the magistrate asked the prisoner to prefer the charge of disorderly conduct against the defendant; that the magistrate stated, at the time the charge against the prisoner was dismissed, that he had examined the prisoner and found that he had been beaten; that the officer had committed perjury; that he was sure that the defendant had beaten the prisoner; that he would not hold the defendant for the grand jury on a felony charge but would place him under arrest on a charge of disorderly conduct which he himself would try, and that throughout the trial of the defendant the magistrate's statements and remarks evinced a prejudgment of guilt and an indication of bias against the defendant.

(2) SAME—NEW TRIAL.

The character of the testimony, such as it was in this case, and the type of witness the complainant proved to be, each gives rise to the claim that a possible doubt exists in the evidence which an impartial judge ought to hear and determine, and, therefore, a new trial is granted on such a charge as the district attorney is advised should be lodged against the defendant.

APPEAL by the defendant, Patrick Lennon, from the order of the Court of General Sessions of the Peace of the City and County of New York, entered in the office of the clerk of said court on the 5th day of June, 1922, affirming a judgment of the City Magistrates' Court of the City of New York, Borough of Manhattan, Second District, rendered against the defendant on the 26th day of January, 1922, convicting him of disorderly conduct.

*Thomas I. Sheridan,* for the appellant.

*Joab H. Banton, District Attorney (Howard Hilton Spellman, Deputy Assistant District Attorney,* of counsel), for the respondent.

McAVOY, J.:

The defendant is a patrolman in the police department, who after arresting a person of the name of Owen W. Watkins, appeared before the magistrate then sitting in Jefferson Market

Court to arraign the prisoner. After the officer presented his evidence, and that of a brother officer, the magistrate dismissed the .charge against Watkins and stated that he intended to have Officer Lennon placed under arrest on the charge of disorderly conduct which he would try himself a week later in the Essex Market Magistrate's Court.

The defendant, Patrick Lennon, was tried before the same magistrate who had dismissed the charge presented by the officer and convicted of disorderly conduct and sentenced to thirty days in the workhouse. Thereafter the Court of General Sessions affirmed the judgment, but modified the sentence to the time already served by the defendant, which amounted to one day.

On the day that the charge against Watkins was dismissed the magistrate stated that he had examined the prisoner and found that he was a mass of black and blue spots and gave evidence of having been terribly beaten; that the officers had both committed perjury; that there was no question in his mind that the defendant was brutally assaulted and beaten by Lennon, and no question that Watkins should·be discharged and a complaint taken against Lennon; that previously the magistrate had taken complaints against officers for brutality and " sent them down town " (meaning holding for the action of a grand jury), but results were unsatisfactory because " witnesses are hard to hold," and that they are influenced to leave the jurisdiction or change their minds, and assaults on citizens by police officers without justification have been on the increase, and that since it was the magistrate's opinion that there might be some difficulty in establishing a perjury charge to the satisfaction of a jury, he intended to have Officer Lennon placed under arrest on the charge of disorderly conduct, which he stated he would try himself. The magistrate then suggested that Watkins make a complaint against Lennon for disorderly conduct. On January twenty-sixth, when Lennon was arraigned, the magistrate was, by proper motion,

33

requested not to sit in judgment on account of the prejudicial remarks he had made against defendant. He denied this motion, stating that he felt competent to determine the case impartially. Proof was then taken which consisted in testimony of the complaining witness, asserting that the officers came into the restaurant where the complainant was standing, and defendant, after using vile language, charged him with being a person who had been " holding up these restaurants " and said he would give him a " damn good beating " before he locked him up; that the officer then started hitting him with his club and beat him while going 'the whole length of the restaurant, and then Officer Lutz and defendant took the complainant here to the police station. About every 200 or 300 feet Lennon would stop and give him a beating. He claims to have appealed to Officer Lutz to stop Lennon, which he did, saying: " That is enough, you have given the man enough," and while he was standing in front of the lieutenant's desk, defendant struck him in the mouth and wanted to beat him up more, but the lieutenant said: " Keep all that stuff for the outside; you can't do it in here."

Upon cross-examination the witness was shown to have no known occupation; that he had been in all sorts of employments; that he had gone to the restaurant to inquire about his mail; that he was waiting in the restaurant for a man whom he met, whose name he did not know, who had gone to Hoboken to take a girl home, and asked him to wait until he came back. He admitted that the counterman in the restaurant testified in the hearing first had before the magistrate that the officers did not strike him while in the restaurant, but he explained this by saying this counterman " didn't want to commit suicide." Officer Lutz and the defendant both denied that the complainant was struck while complainant was either on the way to the station or at the lieutenant's desk.

Lieutenant Gassman, who was at the desk, was not asked with respect to any striking in the station house, but he de-

scribed the arraignment there and gave no testimony that there was any such occurrence as was claimed by the complainant.

Whatever the merits of the action, I do not think that the defendant can be said to have had a fair trial. The magistrate, who presided, indicated before he began the trial of the defendant his prejudgment of the defendant's guilt. His remarks indicate that because he thought there would be some difficulty in convicting the defendant of perjury, he ought to try him for disorderly conduct, so that he surely would be punished. Where a judge exercises both the functions of court and jury he should be scrupulous to avoid even the appearance of partiality. As was said in People v. Naimark (154 App. Div. 670), per Mr. Justice Woodward: "Clearly, had the learned trial judge been proposed for a juror, he would have been disqualified by his attitude toward the prisoner, who was presumed under the law to be innocent. * * * 'The first idea in the administration of justice * * * is that a judge must necessarily be free from all bias and partiality. He cannot be both judge and party, arbiter and advocate in the same cause. Mankind are so agreed in this principle that any departure from it shocks their common sense and sentiment of justice.' "

Throughout the trial the magistrate's statements and remarks evince a prejudgment of guilt and an indication of bias against the defendant. The character of the testimony, such as it was here, and the type of witness the complainant proved to be, each gives rise to the claim that a possible doubt exists in the evidence which an impartial judge ought to hear and determine.

The judgment appealed from and the judgment of the Magistrate's Court should, therefore, be reversed and a new trial ordered on such a charge as the district attorney is advised should be lodged against the defendant.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment appealed from and judgment of the Magistrate's Court reversed and new trial ordered on such a charge as the district attorney is advised should be lodged against the defendant. Settle order on notice.