▉ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH RODRIQUEZ and ALFONSO RODRIQUEZ, Appellants.—▉

▉ Although defendants alleged various grounds in the petition, they produced no proof in support of any of them. One of the grounds alleged was that the trial court withheld certain evidence — Magistrate's Court's minutes, which indicate that the prosecution's main witness failed to identify

defendants. At the hearing (to which the District Attorney consented in view of the defendants' claim that at the trial the Assistant District Attorney had coerced a witness to testify falsely under threat of prosecution for perjury) defendants moved for the disqualification of the Judge presiding, who also had been the Trial Judge, on the ground that he will be called as a witness to testify concerning two bench conferences at the trial, which resulted in the suppression of the Magistrate's Court's minutes from the jury. The court denied the motion to disqualify himself unless defendants produced proof to substantiate their claim. Defendants then called the Judge as their witness. The Judge declined to testify for the reason that the incident concerning these minutes was a matter of record, and that the judgment of conviction as to both defendants had been affirmed (7 A D 2d 1017, motion for leave to appeal to the Court of Appeals thereafter denied by a Judge of that court). After a colloquy, which covered many pages of the hearing minutes, defendants refused to call any witnesses in support of any of their charges, and the court thereupon dismissed their *coram nobis* application. Since the grievance complained of was a matter of record, *coram nobis* does not lie (*People* v. *Shapiro*, 3 N Y 2d 203, 205, and cases cited therein). Hence, there was no basis for calling the Judge as a witness. There is no dispute as to the well-established rule that where a Judge is a material witness, he should disqualify himself (*People* v. *Amoroso*, 8 A D 2d 683; *People* v. *Lennon*, 206 App. Div. 266, 268). The claim, however, that the Judge is a material witness must be made in good faith and must be based on fact (*United States* v. *Halley*, 240 F. 2d 418). Here, the record discloses neither. Moreover, the District Attorney would have been justified in objecting to the Judge's testimony in view of the fact that the present contention as to the suppression of the minutes is a matter of record. Under all the circumstances, the Judge was not required to disqualify himself from hearing the defendants' *coram nobis* application and, since they failed to adduce any proof in support of their charges, the application was properly dismissed. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.