■ SAMUEL FRISCHLING, Respondent, v. HERBERT SCHRANK et al., as Executors of NATHAN FRISCHLING, Deceased, Appellants.— In an action to recover upon an undated check for $25,000, signed by the plaintiff's deceased brother and delivered to the plaintiff, the defendants, as executors of the decedent's last will and testament, appeal from a judgment of the Supreme Court, Queens County, entered May 11, 1964 upon the court's oral decision after a nonjury trial, which awarded $25,000 to the plaintiff, with costs and with interest from June 30, 1957. Judgment reversed on the law and the facts and in the exercise of discretion, and new trial granted, with costs to abide the event. The findings of fact implicit in the court's decision are reversed. "'Public policy requires that claims against the estates of the dead should be established by very satisfactory evidence, and the courts should see to it that

such estates are fairly protected against unfounded and rapacious raids'" (*Matter of Van Slooten* v. *Wheeler*, 140 N. Y. 624, 633). In determining whether the preponderance of evidence in favor of the plaintiff exists, the trier of the facts must not forget that death has sealed the lips of the alleged promisor (*McKeon* v. *Van Slyck*, 223 N. Y. 392, 397) and he may reject evidence as to personal transactions, even though uncontradicted, which might be sufficient to satisfy him if the decedent were living (*Frieder* v. *Fuchs*, 2 A D 2d 772, 773). During the cross-examination of the plaintiff's second witness, who was a son-in-law of the plaintiff's first witness, the Trial Judge made it clear that he was convinced that the plaintiff's first witness, who was also a brother of the plaintiff, had told the truth, and the Judge virtually challenged the defendants to show that the witness had not told the truth. In our opinion, the court had become so biased at this point that it could not properly evaluate the written evidence and the testimony of the decedent's widow which were thereafter adduced. The defendants' exhibits might have been of material significance in this action but the Judge indicated that they meant nothing to him. "Where a judge exercises both the functions of court and jury he should be scrupulous to avoid even the appearance of partiality" (*People* v. *Lennon*, 206 App. Div. 266, 268). The right to be tried by a Judge who is reasonably free from bias is a part of the fundamental right to a fair trial. In a nonjury action against a decedent's estate, where death has sealed the lips of the promisor (the decedent) and the executors have the duty to resist the payment of moral obligations which do not impose legal liability (cf. *Matter of Taylor*, 251 N. Y. 257, 264); and where, before the presentation of the plaintiff's evidence has been completed, the Trial Judge's bias against the defendants' case appears to have become overpowering, the interests of justice require a new trial (cf. *Whitaker* v. *McLean*, 118 F. 2d 596; *People* v. *Lennon*, *supra*). The reversal of the judgment should not be construed as indicating that it is our view that, after a fair trial and on substantially the same evidence, it would be error to grant judgment in favor of the plaintiff. The new trial should be held *de novo* and the determination should be made on the basis of all the proof adduced. We note, however, that upon the proof in this record it was error to award interest from the date that the decedent allegedly made and delivered the undated check (cf. *Matter of Lipsit*, 21 A D 2d 509, affd. 15 N Y 2d 588; *Haimes* v. *Schonwit*, 268 App. Div. 652, affd. 295 N. Y. 577). Ughetta, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.