**UNITED STATES of America ex rel. Donald SOMERVILLE, Petitioner-Appellant,**

v.

**STATE OF ILLINOIS, Respondent-Appellee.**

**No. 17817.**

United States Court of Appeals, Seventh Circuit.

July 20, 1971.

Rehearing Denied Sept. 3, 1971.

Castle, Senior Circuit Judge, dissented.

Ronald P. Alwin, Martin S. Gerber, Chicago, Ill., for petitioner-appellant.

Morton Friedman, Thomas J. Immel, Asst. Atty. Gen., William J. Scott, Atty. Gen. of the State of Illinois, James B. Zagel, E. James Gildea, Asst. Attys. Gen., Chicago, Ill., for respondent-appellee.

Before MAJOR and CASTLE, Senior Circuit Judges, and FAIRCHILD, Circuit Judge.

MAJOR, Senior Circuit Judge.

This case had its genesis by way of a petition for habeas corpus filed in the district court by Donald Somerville, which asserted that he was being held in custody unlawfully pursuant to a sentence imposed in a trial which subjected him to double jeopardy, in violation of the Fifth Amendment. It was alleged that Somerville had been placed in jeopardy by reason of a previous state court charge which was dismissed on motion of the government, after a jury had been impaneled and sworn to try the case. The district court dismissed the petition for failure to state a claim upon which relief could be granted. From such dismissal Somerville appealed to this court.

The principal issue involved the interpretation and effect to be given Downum v. United States, 372 U.S. 734, 83 S. Ct. 1033, 10 L.Ed.2d 100. This court, with one judge dissenting, in an opinion rendered May 14, 1970, held that *Downum* was not applicable and affirmed the district court's order of dismissal. United States ex rel. Somerville v. State of Illinois, 429 F.2d 1335.

On January 25, 1971, the Supreme Court decided United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543.

On Somerville's petition for writ of certiorari, that court on April 5, 1971 entered an order which in material part provided:

"The petition for a writ of certiorari is granted, the judgment is vacated, and the case is remanded to the United States Court of Appeals for the Seventh Circuit for reconsideration in light of United States v. Jorn, 400 U. S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543, decided January 25, 1971; and Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963)."

█ After receipt of the mandate, we requested counsel for the respective parties to submit briefs in support of their contentions relative to *Downum* and *Jorn*. This has been done, and this court, with one judge dissenting, now holds that those decisions require that the order of the district court be reversed and Somerville discharged.

We think it not necessary to reiterate the factual situation or the reasoning employed in our previous majority and dissenting opinions. One factor, however, which appears to have been strongly relied upon by the majority is that Somerville was not in jeopardy because he was not tried and acquitted. United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300, and Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L. Ed.2d 707, are cited in support of this reasoning. The fact that jeopardy attached in those cases at the time the defendants were tried and acquitted furnishes no support for the premise that jeopardy in the instant case did not attach at the time the jury was impaneled and sworn to try the case. Any doubt on this score has been removed by the Supreme Court.

In Green v. United States, 355 U.S. 184, 188, 78 S.Ct. 221, 224, 2 L.Ed.2d 199, the court stated:

"Moreover, it is not even essential that a verdict of guilt or innocence be returned for a defendant to have once been placed in jeopardy so as to bar a second trial on the same charge. This

Court, as well as most others, has taken the position that a defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again."

In *Jorn*, the court recognized this principle (400 U.S. page 480, 91 S.Ct. page 555):

"Thus the conclusion that 'jeopardy attaches' when the trial commences expresses a judgment that the constitutional policies underpinning the Fifth Amendment's guarantee are implicated at that point in the proceedings."

We doubt the necessity, much less the pertinency, of attempting to discuss *Jorn* in detail. Generally, the cases dealing with double jeopardy fall into two categories, (1) where a mistrial is declared without any affirmative action on the part of the defendant, or (2) where a mistrial is declared on defendant's motion or a conviction reversed on his appeal. *Downum, Jorn* and the instant case fall squarely in the first category. In *Downum*, it was the failure of the government to secure the attendance of a material witness; in the instant case, it was an allegedly defective indictment for which the government was responsible, and in *Jorn*, it was the trial judge who aborted the proceeding, without defendant's consent. In *Jorn*, the court (400 U.S. page 474, 91 S.Ct. page 551) stated:

"The issue is whether appellee had been 'put in jeopardy' by virtue of the impaneling of the jury in the first proceeding before the declaration of mistrial."

After citing and discussing numerous cases where the plea of double jeopardy had been denied, all on facts we think quite dissimilar to those here, the court stated (page 484, 91 S.Ct. page 557):

"For the crucial difference between reprosecution after appeal by the defendant and reprosecution after a *sua sponte* judicial mistrial declaration is that in the first situation the defend-

ant has not been deprived of his option to go to the first jury and, perhaps, end the dispute then and there with an acquittal. *On the other hand, where the judge, acting without the defendant's consent, aborts the proceeding, the defendant has been deprived of his 'valued right to have his trial completed by a particular tribunal.'* See Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)." (Italics supplied.)

The Supreme Court in *Jorn* apparently recognized the validity of *Downum*. It stated (400 U.S. page 486, 91 S.Ct. page 557):

> "The trial judge must recognize that lack of preparedness by the Government to continue the trial directly implicates policies underpinning both the double jeopardy provision and the speedy trial guarantee. Cf. Downum v. United States, 372 U.S. 734, 83 S. Ct. 1033, 10 L.Ed.2d 100 (1963)."

Mr. Chief Justice Burger in a concurring opinion made the pertinent statement (400 U.S. page 488, 91 S.Ct. page 558):

> "If the accused had brought about the erroneous mistrial ruling we would have a different case, but this record shows nothing to take appellee's claims outside the classic mold of being twice placed in jeopardy for the same offense."

That statement would have been as appropriate to the facts in *Downum* as it is to those of the instant case.

■ The State of Illinois in its brief, supposedly written as an aid to our interpretation of *Jorn*, contends that Illinois, not federal, law is controlling on the issue as to when jeopardy attaches. We see no purpose in pursuing this line of reasoning. Under the mandate of the Supreme Court the case has been remanded for reconsideration in the light of *Jorn* and *Downum*, and not Illinois law. In our previous opinion we held

that Somerville's claim of double jeopardy must be tested by the application of federal standards (429 F.2d page 1336). Moreover, the issue has been settled adversely to the State by United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300, and Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L. Ed.2d 707.

We hold that in the light of *Downum* and *Jorn*, the petition for habeas corpus should have been allowed and Somerville discharged. The order appealed from is reversed and the cause remanded for that purpose.

CASTLE, Senior Circuit Judge, dissents for the reasons set forth in United States of America ex rel. Donald Somerville v. State of Illinois, 429 F.2d 1335.