**UNITED STATES of America**

v.

**Charles C. HIBBS.**

**Crim. No. 72–600.**

United States District Court,
E. D. Pennsylvania.

Dec. 6, 1972.

Robert E. J. Curran, U. S. Atty. by Malcolm L. Lazin, Asst. U. S. Atty., Philadelphia, Pa., for United States.

John J. O'Brien, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM

HANNUM, District Judge.

Presently before the Court is the defendant's motion to dismiss the indictment on the basis that the present prosecution subjects him to double jeopardy in violation of the Fifth Amendment.

On September 14, 1971, the defendant, Charles C. Hibbs, was indicted on thirty-nine counts of aiding and abetting in the submission of false certifications to the Federal Housing Administration. On February 17, 1972, a jury found him guilty on thirty-seven counts. Thereafter, the defendant made a motion in arrest of judgment pursuant to Rule 34, Fed.R.Crim.P., attacking the sufficiency of the indictment for its failure to allege a necessary element of the crime charged, namely, that it was committed "wilfully".

On October 17, 1972 the Court, in accordance with United States v. Beard, 414 F.2d 1014 (3d Cir. 1969), granted that motion. On October 25, 1972 the defendant was again indicted on the basis of the same facts as were alleged in the first prosecution. The defendant now argues that his second prosecution places him twice in jeopardy and is, therefore, impermissible. He contends that a jury having been impaneled and sworn in the former prosecution, any further prosecution based upon the same facts is barred. This Court does not agree.

Of the cases cited by the defendant in support of his argument, only two deal with a situation where an original prosecution was based upon a defective indictment and a second prosecution was thereafter initiated in a proper form. Long ago in United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), it was held that one acquitted in a trial based upon a defective indictment may not be tried again. It was further held, however, that where one is convicted upon a defective indictment and subsequently causes that conviction to be set aside, he may be re-tried for the same offense upon a proper indictment.

In United States ex rel. Somerville v. State of Illinois, 447 F.2d 733 (7th Cir. 1971), it was held that where a jury was impaneled and sworn in a trial upon a defective indictment, the prosecution may not, over the objection of the defendant, move to nolle prosse and thereafter re-try the defendant upon a proper indictment.

There is nothing unsound about either of these decisions, they are simply inapplicable to the present case. Charles Hibbs was convicted in the original prosecution and it was he who challenged the validity of the indictment. Under these circumstances, as was clearly stated in United States v. Beard, 414 F.2d 1014 (3d Cir. 1969), the defendant is properly subject to a second prosecution.