Bergan, J.
The mistrial granted on application of the People on November 28,1967 after the jury had been sworn, but before any witness had been called, did not preclude a subsequent trial because of double jeopardy, either within the New York rule or the Federal rule (Matter of Bland v. Supreme Ct., County of N. Y., 20 N Y 2d 552; Downum v. United States, 372 U. S. 734).
During the selection of the jury and before- it was sworn, the prosecutor became aware of some difficulty in locating two witnesses and asked the police to locate them. There was a long holiday adjournment from the time the jury was sworn November 22, and the resumption of trial November 28 when the prosecutor for the first time, as far as the record shows, told the court the missing witnesses had been threatened and attributed their disappearance to the defendant.
On the subsequent trial one of the witnesses, whose disappearance had been noted in the November 28, 1967 application for mistrial, testified that he had left the State “ because my life had been threatened ”. Another witness testified she had left the State because defendant’s uncle and another person had threatened her “ with a knife ”.
This reason for inability of the prosecution to produce witnesses, which could factually be attributed to defendant himself, sharply distinguishes this case from Downum v. United States (372 U. S. 734, supra) where the absence of witnesses was attributed to the failure of the prosecutor to take reasonable steps to insure their presence (see 372 U. S., at p. 737).
If the act of a defendant himself aborts a trial, he ought not readily be heard to say that by frustrating the trial he had succeeded in erecting a constitutional shelter based on double jeopardy.
This is within the reasonable and rational scope of “ manifest necessity ” (United States v. Perez, 9 Wheat. [22 U. S.] 579,580), long recognized as justifying the interruption of a trial (see, e.g., Wade v. Hunter, 336 U. S. 684, 691).
Assuming, as we should, that the Federal rules governing jeopardy when trials are interrupted for one reason or another *381 apply to the State prosecutions (Somerville v. Illinois, 401 U. S. 1007, writ sustained on remand 447 F. 2d 733, cert, granted March 20,1972 405 U. S. 987), the interruption of the first trial in this present case does not preclude further prosecution. On another aspect of the Federal rules see United States v. Jorn (400 U. S. 470).
The retrial under the facts of the present record is clearly permissible under the decision of this court in Matter of Bland v. Supreme Ct., County of N. Y. (20 N Y 2d 552, supra).
The order should be affirmed.
Chief Judge Furo and Judges Burke, Scileppi, Bbeitel, Jasen and Gibson concur.
Order affirmed.