OPINION OF THE COURT
John V. Aylward, J.
Defendants move pursuant to CPL 210.20 (subd 1, par [e]) to dismiss the indictment against each defendant upon the grounds of a previous prosecution, after the Trial Judge, sua sponte and over the objection of the defendants, declared a mistrial when the Assistant District Attorney, after the trial had commenced, insisted that he would call the Trial Judge to testify at the jury trial over which he was the sole presiding Judge.
The decision of this motion involves the competing values of not subjecting a defendant to defend himself twice on the same issue, as against a dubious possibility that there might develop a conflict with the historic concept that a Judge should not be a witness in a trial over which he is presiding, and thereby demean the appearance of justice (People v Dohring, 59 NY2d 374).
A subordinate issue is whether or not this court has the authority to pass upon matters already determined by a *611 Judge of co-ordinate jurisdiction. (See dissent in People v Petgen, 55 NY2d 529.) This motion to dismiss because of a previous prosecution was made subsequent to the Trial Judge’s sua sponte declaration of a mistrial and therefore could not have been made before the original Trial Judge. This motion is a de novo motion and the defendants are entitled to a decision thereon from this court.
The nature of the motion is such that as a matter of necessity, and not of choice, a review of the prior trial activities must be made. This court should not and will not shirk its duty to decide. It will decide this motion as made by the defendants as a matter of their right and it will also be entertained by this court as a matter of discretion in the interests of justice (CPL 210.20, subd 3).
Defendants were indicted and being tried for robbery in the second degree and assault in the second degree, allegedly arising out of an incident which occurred on July 28, 1981 at a diner. Defendants, patrons in the diner and after having imbibed some alcohol, became engaged in a mutual brawl with four off-duty police officers and a civilian who were also patrons in that diner. During the brawl, it is alleged that certain personal property was taken from the police officers, including a police badge, a wallet, police identification, a St. Christopher’s medal and perhaps some currency.
Defendants’ trial commenced on May 10, 1982 with the selection of the jury. On May 13,1982, prior to the opening statements, both defense counsel entered the Judge’s chambers, requested that the Assistant District Attorney be excluded from the anticipated conference, and he was so excluded. Defense counsel laid upon the Judge’s desk a police badge, a wallet, identification and a St. Christopher’s medal. The Judge, without touching the objects, immediately summoned the Assistant District Attorney into his chambers and turned the property over to him. Defense counsel, claiming the privilege of the attorney-client relationship, did not disclose how the evidence came into their possession, other than to say that they received it that same morning.
Opening statements were made and the trial continued with the taking of testimony. Then on May 18, 1982, the *612 Assistant District Attorney called upon the Judge to take the witness stand. An offer of proof by the defendants was placed upon the record in the absence of the jury as to the events of May 13, 1982 concerning the surrender of property in the Judge’s chambers. On May 19, 1982, the Assistant District Attorney persisted in calling the Trial Judge to the witness stand. The Trial Judge then declared a mistrial, sua sponte, over the objections of the defendants who wanted to continue with the trial, and who claimed that the Judge was not competent to testify at the trial over which he was presiding.
This court does not find any prosecutorial misconduct with the intent to provoke a mistrial, nor is there any misconduct on the part of defense counsel, nor is there any judicial misconduct.
When a mistrial has been declared over defendant’s objection in a criminal action, the double jeopardy clauses of our State and Federal Constitutions have traditionally limited the instances in which such a mistrial can be declared. An exception to this rule exists when a mistrial is justified by a “manifest necessity”. See United States v Perez (9 Wheat [22 US] 579) which doctrine has been reaffirmed in the recent United States Supreme Court decision, Oregon v Kennedy (_ US _, 31 Cr L 3044, decided May 24, 1982).
The only issue in the instant case is whether or not the foregoing facts constitute a manifest necessity to justify the Trial Judge’s declaration of a mistrial, sua sponte, over the defendants’ objections. And, as to that issue, the prosecutor bears a heavy burden to demonstrate the necessity to call the Trial Judge as a witness.
This court has reviewed the three transcripts involved, and the only probative fact that the Trial Judge could possibly have testified to was the fact that defense counsel surrendered certain property to him in the courthouse during the trial proceedings. Defense counsel offered, on the record, to stipulate that fact. The Assistant District Attorney refused to accept that stipulation and thereafter sought to cross-examine the Judge by calling him as a witness.
*613 The testimony of the Judge, while material to the fact of the surrender of the property, was not essential to the trial. It would not add one cubit of additional material fact than that contained in the offer of proof. At best, it would be cumulative.
The District Attorney lacks the power to call a presiding Judge to the witness stand. While an attorney has the power to subpoena a witness to the court, it is done in the name of the court and only the presiding Judge has the power to determine, rightly or wrongly, whether or not that person will give evidence in the trial.
Before declaring a mistrial, sua sponte, in a criminal case, a Judge is required to seek alternatives (Hall v Potoker, 49 NY2d 501; People v Michael, 48 NY2d 1; United States v Jorn, 400 US 470).
In this case, the Judge did not scrupulously explore the alternatives of the offer of proof and discarded it prematurely. The Judge should have rejected out of hand the Assistant District Attorney’s insistence that the Judge testify, and then leave to the Assistant District Attorney the proffered offer of proof, or any other trial technique at his command. See People v Rodriquez (14 AD2d 917) upholding a Judge who refused to testify where the matter was placed on the record.
The refusal of the Assistant District Attorney to believe and to accept the Judge’s statement as to his unsolicited involvement in the surrender of the property into the custody of the court is specious — it is tantamount to contempt of the court.
If the courts were to accede to the wishes or whims of the People’s counsel or defense counsel who claim they will subpoena the presiding Justice, litigation might never be concluded.
The authority for the court to declare a mistrial on its own motion is spelled out in CPL 280.10 (subd 3), i.e., when it is physically impossible to continue with the trial. Such is not the case here.
While a Trial Judge has some discretion to determine whether or not a manifest necessity exists sufficiently to declare a mistrial, such judicial discretion must be scrupu *614 lously employed. It is an abuse of discretion and he may not do so, where there is not any necessity to declare a mistrial.
Essentially, the instant case is a case of judicial error prompted by the insistent and persistent conduct of the Assistant District Attorney.
The People have failed to meet their burden that a manifest, necessity existed to warrant the sua sponte declaration of a mistrial.
The indictment is dismissed as to each defendant.
This decision is made pursuant to the rights of the defendants under both the United States Constitution and the New York State Constitution, and this decision constitutes the order of this court.