■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN GENTILE and WILLIAM RYDSTROM, Respondents. — Appeal by the People from an order of the County Court, Suffolk County (Aylward, J.), dated June 17, 1982, which granted the defendants' motions to dismiss their indictment on the ground that their retrial was barred by a prior prosecution. Order reversed, on the law, motions denied, indictment reinstated, and matter remitted to the County Court, Suffolk County, for further proceedings consistent herewith. On November 27, 1981, defendants were indicted for robbery in the second degree (two counts) and assault in the second degree (three counts) as a result of an altercation with several off-duty police officers. Jury selection commenced on May 10, 1982 and was completed on May 12, 1982, at which time a jury of 12 jurors and two alternates was sworn. On May 13, 1982, prior to the delivery of opening statements, counsel for both defendants requested an *in camera* conference with the Trial Judge. Although their request was granted, there is no stenographic record of what actually transpired during this meeting. The

fact that the prosecutor was excluded from the meeting is of particular significance to this appeal. During this conference, the court was apparently informed that one of the defense attorneys had that day received the wallet which was the subject of the robbery indictment, and wished to surrender it to the court. Shortly thereafter, the prosecutor was permitted to join the conference, and was informed of what had transpired in his absence. He immediately objected to the "irregular" procedure and allegedly informed both the trial court and defense attorneys that they had become witnesses in the People's case. After hearing the opening statements, and the testimony of two of the People's witnesses, the court adjourned the trial until the following Monday, May 17, 1982. When the trial resumed on May 17, defense counsel completed cross-examination of the People's second witness, Police Officer Michael Rogers. After the testimony of the People's third witness, Detective Robert Sisino, was heard, the prosecutor called the Trial Judge (Mallon, J.), as a witness. Recognizing that a sitting Judge may not be a witness at a trial over which he is presiding (see *People v Dohring,* 59 NY 374), the trial court called a recess and adjourned to chambers, with all counsel present, for an offer of proof. At that time, the prosecutor recounted how he had been excluded from the prior conference, and explained that the Trial Judge's testimony had become necessary to enable the People to establish the manner by which they came into possession of the subject piece of evidence. After considering the matter overnight, the court ordered a mistrial over defense counsels' objection. The case was subsequently transferred to Acting County Court Judge John V. Aylward for retrial. Defendants each filed a notice of motion dated May 25, 1982, seeking dismissal of the indictment pursuant to CPL 210.20, which bars retrial on the basis of a prior prosecution. By a decision and order dated June 17, 1982, the court (Aylward, J.), granted the motions to dismiss, concluding that the People had failed to establish "manifest necessity" for the mistrial, and that Judge Mallon had failed to consider the available alternatives to a mistrial. That determination was erroneous. In *People v Michael* (48 NY2d 1, 9), the court, in reviewing the propriety of conducting a retrial where a mistrial had been granted over the defendant's objection, stated in pertinent part: "Where a court declares a mistrial without obtaining the defendant's consent the double jeopardy provisions of both our State Constitution and the Federal Constitution prohibit retrial for the same crime unless 'there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated' (*United States v Perez,* 9 Wheat [22 US] 579, 580; accord *Matter of Nolan v Court of Gen. Sessions of County of N. Y.,* 11 NY2d 114, 119, *supra*). These principles have to some extent been codified in CPL 280.10 (subd 3), which allows a court to declare a mistrial on its own motion only 'when it is physically impossible to proceed with the trial in conformity with law'. Since the Trial Judge is in the best position to determine whether a mistrial is in fact necessary in a particular case, that court is entrusted with discretion in this area, and deference is to be accorded the Trial Judge's decision to declare a mistrial (*Matter of Napoli v Supreme Ct. of State of N. Y.,* 33 NY2d 980, affg on opn below 40 AD2d 159; *Arizona v Washington,* 434 US 497, 513-514; *Gori v United States,* 367 US 364)." (See, also, *Matter of Enright v Siedlecki,* 59 NY2d 195; *Hall v Potoker,* 49 NY2d 501.) In evaluating whether there was a "manifest necessity" for a mistrial, the word "necessity" is not to be interpreted literally; all that is required is a "high degree" of necessity before concluding that a mistrial is appropriate (*Arizona v Washington,* 434 US 497, 506). As was noted in *People v Mallette* (59 AD2d 199, 202): "[I]n order to avoid the preclusion of double jeopardy where the People request a mistrial after having commenced testimony, the reason for the mistrial must be 'a necessitous one, actual and substantial' (*Matter of Nolan v Court of Gen. Sessions of County of*

*N. Y.,* 11 NY2d 114, 118)." This determination will by its nature, vary with the circumstances under which the mistrial was granted (*Arizona v Washington, supra,* p 510). In making this determination, the court must weigh the defendant's right to have his trial completed by a particular tribunal against the " 'public's interest in fair trials designed to end in just judgments' " (*Hall v Potoker,* 49 NY2d 501, 505, *supra*). In the instant case, the Trial Judge did not abuse his discretion in granting the mistrial over defense counsel's objection (see *Hall v Potoker, supra*). In concluding that the People have established manifest necessity for the mistrial, we note that it was defendants' retention of the missing wallet until after jeopardy had attached, which ultimately precipitated the prosecutor's request for such mistrial. Further, the delivery of the wallet to defendants' attorneys formed the basis of a motion to disqualify them in their representative capacity. Upon receipt of the wallet, the attorneys were placed in a position where, if they did not withdraw from representation of the defendants, they would violate "the advocate-witness rule" as enunciated in DR 5-101 (B) and DR 5-102 of the Code of Professional Responsibility. These rules require withdrawal by counsel as advocate if it appears that he will be called as a witness to testify on behalf of the adverse party (see *People v Paperno,* 54 NY2d 294, 299-300). The prosecutor, by virtue of the actions of the defendants, had the right to call defendants' attorneys as People's witnesses, to testify on a material issue, thereby subjecting both counsel to being recused. Furthermore, the People have established that the Trial Judge became a material witness (see *People v Rodriquez,* 14 AD2d 917) and that their need for his testimony became actual and substantial (see *Matter of Nolan v Court of Gen. Sessions of County of N. Y.,* 11 NY2d 114). Where a defendant bears responsibility, therefore, for the aborting of a trial, "he ought not readily be heard to say that by frustrating the trial he had succeeded in erecting a constitutional shelter based on double jeopardy" (*People v Paquette,* 31 NY2d 379, 380; see *People v Strick,* 15 NY2d 692, 694). The ends of public justice, therefore, will best be served by permitting a retrial. In addition, the County Court's conclusion that the Trial Judge did not explore the available alternatives is incorrect. The Trial Judge did not precipitously decide to grant the request for a mistrial, but rather permitted counsel the opportunity to be heard, and deliberated overnight on the matter. Such conduct clearly supports the inference that the Trial Judge properly exercised his discretion (see *Arizona v Washington, supra; Cherry v Director, State Bd. of Corrections,* 635 F2d 414). In conclusion, there were no "obvious and adequate alternatives" to a mistrial which were disregarded by the trial court (*Harris v Young,* 607 F2d 1081, 1085, n 4; *Crawford v Fenton,* 646 F2d 810, 819). Mollen, P. J., Titone, Bracken and Brown, JJ., concur. [114 Misc 2d 610.]