■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS A. CRUZ, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant asserts that double jeopardy attached to bar his retrial. A motion to dismiss the indictment pursuant to CPL 210.20 (1) (e) is an appropriate remedy to assert a claim that a retrial would subject defendant to double jeopardy *(see, Matter of Enright v Siedlecki,* 59 NY2d 195, 198, n 1; *People v Gentile,* 96 AD2d 950, 951). The motion "must be made in writing and upon reasonable notice to the people" (CPL 210.45 [1]). An oral application is not appropriate *(People v Lawrence,* 64 NY2d 200, 203). Here, defendant's failure to comply with the statutory procedure resulted in a waiver of

his statutory double jeopardy claim *(see, People v Lawrence, supra; People v Key,* 45 NY2d 111, 116).

Turning to defendant's constitutional double jeopardy claim *(see,* US Const 5th Amend; NY Const, art I, § 6; *see also, People v Michael,* 48 NY2d 1, 5-7), on the record before us, we conclude that the trial court did not abuse its discretion in declaring a mistrial, over defendant's objections, on the ground of "manifest necessity" *(United States v Perez,* 9 Wheat [22 US] 579, 580; *Hall v Potoker,* 49 NY2d 501, 505; *People v Gentile,* 96 AD2d 950, 951, *supra).* The unavailability of a critical prosecution witness resulted from an unforeseeable contingency not within the control of the People *(see, Hall v Potoker, supra,* at 506). (Appeal from judgment of Chautauqua County Court, Adams, J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Doerr, Boomer, Davis, and Lowery, JJ.