In the Matter of SAMUEL GRANT, Petitioner, v ROBERT A. KREINDLER et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the retrial of Kings County indictment Number 9896/89 on the ground that a retrial would subject the petitioner to double jeopardy.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

Retrial of the petitioner is not barred by principles of double jeopardy. In *People v Michael* (48 NY2d 1, 9), the court, in reviewing the propriety of a retrial when a mistrial had been granted over the defendant's objection, stated: "Where a court declares a mistrial without obtaining the defendant's consent the double jeopardy provisions of both our State Constitution and the Federal Constitution prohibit retrial for the same crime unless 'there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated' *(United States v Perez, 9 Wheat [22 US] 579, 580; accord (Matter of Nolan v Court of Gen. Sessions of County of N. Y., 11 NY2d 114, 119 * * *)*. These principles have to some extent been codified in CPL 280.10 (subd 3), which allows a court to declare a mistrial on its own motion only 'when it is

physically impossible to proceed with the trial in conformity with law'. Since the Trial Judge is in the best position to determine whether a mistrial is in fact necessary in a particular case, that court is entrusted with discretion in this area, and deference is to be accorded the Trial Judge's decision to declare a mistrial *(Matter of Napoli v Supreme Ct. of State of N. Y.,* 33 NY2d 980, affg on opn below 40 AD2d 159; *Arizona v Washington,* 434 US 497, 513-514; *Gori v United States,* 367 US 364)" *(see also, Matter of Enright v Siedlecki,* 59 NY2d 195; *People v Gentile,* 96 AD2d 950, 951).

The discretion of the Trial Judge is not without limits. Its reason for the granting of a mistrial must be "a necessitous one, actual and substantial" *(Matter of Nolan v Court of Gen. Sessions,* 11 NY2d 114, 118; *Matter of Enright v Siedlecki, supra,* at 200). Where, as here, the basis for the motion for a mistrial is the unavailability of critical evidence for the prosecution, the granting of the motion will be subject to strict scrutiny. The People are not entitled to a mistrial in order to gain " ' "a more favorable opportunity to convict" ' " *(Hall v Potoker,* 49 NY2d 501, 506; *Matter of Enright v Siedlecki, supra,* at 200).

On this record, the trial court did not abuse its discretion in granting the People's motion for a mistrial over the petitioner's objection. The trial was adjourned on numerous occasions between May 8 and May 21, 1990, during which period the People made extensive efforts to locate the missing witness. The trial court determined, after a hearing, that it seemed clear that the petitioner's uncle was responsible for the unavailability of the witness. The petitioner will not readily be heard to say that by frustrating the trial, his uncle succeeded on his behalf in erecting a constitutional shelter based on double jeopardy *(see, People v Gentile, supra,* at 952; *People v Paquette,* 31 NY2d 379, 380).

Moreover, the trial court did not act precipitously in granting the mistrial motion, but gave the People additional time to find the witness and considered other alternatives, including the People's application for leave to introduce at the trial the witness's Grand Jury testimony. Such conduct clearly supports the inference that the trial court properly exercised its discretion. Under all of the above circumstances, the petitioner's retrial is proper. Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.