▮▮▮ In the Matter of RICHARD R. SCOTT, JR., Petitioner, v MICHAEL L. D'AMICO, as Judge of Erie County Court, et al., Respondents.—Petition unanimously dismissed without costs. Memorandum: In this CPLR article 78 proceeding initiated in this court pursuant to CPLR 506 (b) (1), petitioner seeks a judgment prohibiting his retrial on an indictment charging him with murder in the second degree on the ground of double jeopardy. Before commencement of petitioner's first trial the People served a subpoena upon petitioner's wife, who was the only witness to the alleged murder. Petitioner's wife had previously testified before the Grand Jury and cooperated with the District Attorney's Office. Petitioner's wife called the District Attorney's Office on the day of trial and asked whether she should appear. She was advised to appear the next day, but failed to do so. Upon her failure to appear, the prosecutor sought and received a material witness warrant. After presenting available witnesses, the prosecutor moved for

and was granted a continuance from March 29 to April 3, 1990. On April 3, the prosecutor requested a further continuance until April 9, 1990. Petitioner's counsel strenuously objected to a further continuance on the ground that it would prejudice petitioner by keynoting petitioner's wife's testimony. The court denied the prosecutor's motion and the prosecutor moved for a mistrial. In support of the application for a mistrial, the prosecutor introduced testimony of the People's extensive efforts to secure the attendance of petitioner's wife. Further, the prosecutor advised the court of the crucial nature of her testimony. The court, finding that the witness was unavailable through no fault of the People, declared a mistrial.

We find no basis to conclude that County Court abused its discretion in granting a mistrial (see, People v Michael, 48 NY2d 1, 9). Here, the unavailability of a crucial witness, despite the People's best efforts to secure her attendance, and petitioner's objection to a further continuance constitutes "manifest necessity" that warranted the declaration of a mistrial (Matter of Enright v Siedlecki, 59 NY2d 195, 203; Hall v Potoker, 49 NY2d 501, 505; People v Cruz, 161 AD2d 1182). (Original Article 78 Proceeding.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.