■ The People of the State of New York, Respondent, v William Boneta, Appellant. [649 NYS2d 443] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered July 13, 1994, convicting him of assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

When a court grants a mistrial without the consent of or over the objection of the defendant, the double jeopardy provisions of the Federal and State Constitutions prohibit retrial for the same crime unless there was "manifest necessity" for the mistrial, or "the ends of public justice would otherwise be defeated" (*United States v Perez,* 9 Wheat [22 US] 579, 580; *People v Ferguson,* 67 NY2d 383, 388). Here, the prosecutor made a sufficient showing that the refusal of its only nonpolice witness to testify, after he was twice threatened, could be factually attributed to the "defendant or some person acting on his

behalf" (CPL 280.10 [2]; *see, People v Paquette,* 31 NY2d 379, 380; *Matter of Stanley v Justices of Supreme Ct.,* 214 AD2d 741; *Matter of Grant v Kreindler,* 162 AD2d 531).

Nor is there any merit to the defendant's claim that the testimony of this witness was merely corroborative. In view of the fact that the witness had been able to observe the alleged assault from a vantage point not available to any other witness, he possessed important evidence that no one else could offer (*see, e.g., People v Allen,* 86 NY2d 599, 606-607).

Accordingly, under the circumstances, the court properly exercised its discretion in granting a mistrial (*see,* CPL 280.10 [2]). O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.